SCHAUER and others, Appellants, vs. QUEEN INSURANCE COM-PANY OF AMERICA, Respondent.

*October 25 — November 13, 1894.*

*Insurance against fire: Agents: Conflicting duties: Notice of cancellation.*

1. The owners of property employed insurance agents to keep it continually insured to a certain amount, a part of the insurance being taken in companies represented by such agents and a part in other companies. To avoid the necessity of sending and returning policies as they were canceled and rewritten from time to time, all of the policies were left with such agents. *Held*, that they had authority to receive, for the insured, notices of cancellation of policies.

2. The duties of such agents to the insured and to the insurers were not repugnant.

APPEAL from the Circuit Court for *Brown* County. The plaintiffs, as partners, owned and operated a gristmill in the town of New Franken, Brown county, situated

about fourteen miles from the city of Green Bay. The firm of A. A. Warren & Son were insurance agents doing business as such in the city of Green Bay. On January 11, 1893, the plaintiffs procured from A. A. Warren & Son, as such agents, the policy of insurance in question on said mill, insuring the same against loss by fire to the amount of $1,500 for the term of one year. On January 25, 1893, said mill was destroyed by fire; and on May 8, 1893, the plaintiffs commenced this action on said policy to recover said loss, the complaint being in the usual form.

The defendant answered, and pleaded the condition of the policy concerning the cancellation of the same, and alleged, in effect, that Warren & Son were the agents of the plaintiffs for the purpose of keeping said property insured, and as such had canceled said policy, January 15, 1893, being ten days before the fire.

At the close of the trial the defendant asked for a special verdict in the event that the case was submitted to the jury; and it was conceded between counsel for the respective parties that, if the plaintiffs were entitled to anything, they were entitled to $1,400, and interest from the commencement of this suit. Each party moved the court to direct a verdict in their favor respectively; and thereupon the court submitted to the jury two questions, which were answered to the effect (1) that A. A. Warren & Son were the agents of the plaintiffs for the purpose of procuring insurance upon and keeping plaintiffs' mill property insured to a certain amount; (2) that the business arrangements between Warren & Son and the plaintiffs, in reference to the plaintiffs' insurance, did not authorize Warren & Son to receive notice of cancellation of policies for plaintiffs. The court thereupon set aside the answer to the second question so submitted, on the ground that it was not sustained by the evidence, and rendered judgment in favor of the defendant upon the undisputed evidence and the an-

swer to the first question, dismissing the plaintiffs' complaint. From that judgment the plaintiffs appeal.

For the appellants there was a brief by *W. H. Timlin*, attorney, and *Arthur Babbitt*, of counsel, and a separate brief and oral argument by *Mr. Timlin*. They contended, *inter alia*, that where one person, who is the agent of an insurance company, has the placing of insurance for another person, such a relation, if it constitutes an agency at all, constitutes a special agency merely, which is terminated immediately upon the procurement of the insurance, and gives no authority to such special agent to receive notice of cancellation from the company. *Body v. Hartford F. Ins. Co.* 63 Wis. 157; *Wilson v. N. H. F. Ins. Co.* 140 Mass. 210; *Latoix v. Germania Ins. Co.* 27 La. Ann. 113; *Mut. Ass. Soc. v. Scottish Union & Nat. Ins. Co.* 84 Va. 116; *Adams v. Manufacturers' & B. Ins. Co.* 17 Fed. Rep. 630; *Kehler v. N. O. Ins. Co.* 23 id. 709; *Grace v. Am. Cent. Ins. Co.* 109 U. S. 278; *Quong Tue Sing v. Anglo-Nev. Ass. Corp.* 86 Cal. 566; *S. C.* 10 L. R. A. 144 and notes; *Hermann v. Niagara F. Ins. Co.* 100 N. Y. 411; *Broadwater v. Lion F. Ins. Co.* 34 Minn. 465; *White v. Conn. F. Ins. Co.* 120 Mass. 330; *Indiana Ins. Co. v. Hartwell*, 100 Ind. 566; *Commercial Union Ass. Co. v. State ex rel. Smith*, 113 id. 331; *Mohr & Mohr Distilling Co. v. Ohio Ins. Co.* 13 Fed. Rep. 74; *Runkle v. Cit. Ins. Co.* 6 id. 148; *Ins. Co. of N. A. v. Forcheimer*, 86 Ala. 541. Even if the assured, in order to enable the agent more readily to reinsure in case of cancellation, surrenders his policy to the agent, such agent does not thereby become the agent of the assured for the purpose of cancellation; and notice of cancellation to such an agent is insufficient. *Mallory v. Ohio F. Ins. Co.* 90 Mich. 112; *Body v. Hartford F. Ins. Co.* 63 Wis. 157. The provision in a policy that "This insurance may be terminated at any time by request of the assured, or by the company on giving notice to that effect, or to the person who may

have procured this insurance to be taken," does not cover a case where the one who procured the insurance is also agent of the company. *Ins. Cos. v. Raden*, 87 Ala. 311; *Comm. F. Ins. Co. v. Allen,* 80 id. 571, 576; *Piedmont & A. L. Ins. Co. v. Young*, 58 id. 476; 2 Wood, Fire Ins. (2d ed.), § 409; *London & L. F. Ins. Co. v. Turnbull*, 86 Ky. 230. The question as to whether the agent of the company who issued the policy was the agent of the assured for the purpose of receiving notice of cancellation, is a question of fact to be determined by the jury. *Roger Williams Ins. Co. v. Carrington*, 43 Mich. 252.

For the respondent there was a brief by *Hume, Oellerich & Sweet*, attorneys, and a separate brief by *Gabe Bouck*, of counsel, and the cause was argued orally by *J. W. Hume* and *Mr. Bouck.*

CASSODAY, J.   The plaintiffs resided, and their gristmill and warehouse were situated, fourteen miles from Green Bay, where Warren & Son had for years conducted an insurance business.   At the time in question, and for a long time prior thereto, the plaintiffs did all their insurance business with Warren & Son, and carried upon their gristmill and warehouse from eight to ten thousand dollars insurance.   Of that amount only from five to seven thousand dollars were in companies represented by Warren & Son, and the balance Warren & Son were in the habit of procuring for the plaintiffs from other companies, through other insurance agents.   The character and situation of the property seem to have made it difficult at times to procure as much insurance as the plaintiffs were desirous of carrying.   The result was that policies were, from time to time, canceled by certain insurance companies, and rewritten in certain other companies.   This necessitated more or less correspondence between Warren & Son and the plaintiffs, and the frequent sending and return-

ing of policies. Apparently to obviate this difficulty, the plaintiffs, in the fall or winter of 1892, and prior to January 1, 1893, took all their policies of insurance, and delivered them to and left the same with Warren & Son, with the understanding that they should keep their property insured, in the aggregate, for the desired amount; and Warren & Son agreed to do so to the best of their ability.

It appears that in the forepart of January, 1893, Warren & Son held policies in the Oakland Insurance Company on the property of the plaintiffs, in the aggregate for about three or four thousand dollars, and one of those polices, for the amount of $1,500, was canceled by that company and Warren & Son, and in lieu thereof the policy in question, through the agency of Warren & Son, was issued by the defendant to the plaintiffs, without any previous knowledge on their part, and without their paying any premium therefor. About January 13, 1893, the plaintiffs were informed by Warren & Son that the policy of $1,500 in the Oakland had been canceled, and a new policy for the same amount had been taken in the defendant company, with which they expressed themselves satisfied. January 14, 1893, the defendant's manager wrote Warren & Son from Chicago, requesting an "immediate retirement of this policy," on the ground that the company declined all business outside of Ft. Howard and Green Bay. Warren & Son received the letter, January 15, 1893, and entered the policy canceled on the books of the company, January 19, 1893. Thereupon Warren & Son, in pursuance of such general understanding, sought to procure the same amount of insurance in other companies and through other agencies,— first in Chicago and then in Green Bay, and had succeeded, all but writing the policy, when the same was prevented by the occurrence of the fire, January 25, 1893.

The only question presented is whether the policy was effectually canceled by the notice so given to Warren &

Schauer and others vs. Queen Ins. Co. of America.

Son under the clause of the policy which provides that "this policy shall be canceled at any time at the request of the assured, *or by the company, by giving five days' notice of such cancellation.*" The only objection to the notice is that it should have been given to the plaintiffs personally, instead of Warren & Son; but we are clearly of the opinion that the trial court was right in holding, as a matter of law, upon the undisputed evidence that the business arrangements between Warren & Son and the plaintiffs in reference to their insurance authorized Warren & Son to receive such notice of cancellation. Besides, the answer of the jury to the first question is unchallenged. That finding is to the effect that they were such agents for the purpose of procuring insurance upon and keeping the mill property of the plaintiffs insured to a certain amount. To do that effectually required that they should have the earliest possible notice of any cancellation. To serve such notice on the plaintiffs, and not on them, would tend to defeat the very object of such agency. It certainly would in this instance, for, as it was, Warren & Son did not have sufficient time to procure a new policy — and that was the very object of requiring the notice. Upon the facts stated, we must hold that the duties of Warren & Son to the defendant and to the plaintiffs were in no sense repugnant. *Hartford F. Ins. Co. v. Reynolds,* 36 Mich. 502; *Stone v. Franklin F. Ins. Co.* 105 N. Y. 543.

*By the Court.*— The judgment of the circuit court is affirmed.