## PHŒNIX INSURANCE COMPANY v. STATE.

Opinion delivered June 24, 1905.

1. INSURANCE—REFORMATION OF POLICY.—An insurance policy which, by reason of a mistake in its execution, does not conform to the real agreement of the parties as to the name of the assured and the location of the insured property may be reformed in a court of equity. (Page 182.)

2. NOTICE OF CANCELLATION OF POLICY—WAIVER.—A stipulation in a policy of fire insurance for five days' notice to the assured before cancellation of the policy is made for the benefit of the assured, and may be waived by him. (Page 182.)

3. INSURANCE AGENT—AUTHORITY TO ACT FOR BOTH PARTIES.—An agent authorized to write policies of insurance may also act as agent of an assured in keeping his property covered with insurance and in selecting the companies in which the policies should be written. (Page 183.)

Appeal from Cleveland Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Affirmed.

### STATEMENT BY THE COURT.

This is a suit brought in the chancery court by the State of Arkansas for the use of the Saline River Shingle & Lumber Company, a domestic corporation, against the Phœnix Insurance Company, of Brooklyn, a foreign insurance corporation doing business in the State, and the sureties on its bond, to reform a policy and to recover the amount thereof, $2,000 and interest, on account of loss by fire. Reformation of the policy is sought in two respects, viz.: First, that it was by mistake written to and in the name of W. S. Amis, the president of the Saline River

Shingle & Lumber Company, and manager of its business, when it should have been written to and in the name of said corporation; second, that it was by mistake written "on a stock of lumber on the premises," when it should have been written "on a stock of lumber situated at and in plaintiff's loading shed." The undisputed facts of the case are as follows:

The Saline River Shingle & Lumber Company was the owner of a mill and lot of lumber at a switch sometimes called "Poole," on the St. Louis Southwestern Railroad. W. S. Amis was the president of the company, and the manager of its business. A. B. Banks, an insurance agent at Fordyce, Ark., and agent of appellant and other insurance companies, had previously insured the property of the lumber company at the instance of Mr. Amis, the manager. On or about April 10, 1902, Amis applied to Banks for insurance on the property of the lumber company—$2,500 on the mill and $2,000 on lumber in the shed—which Banks agreed to write, and in a day or two wrote the policies by mistake in the name of Amis, and, instead of writing the lumber policy on lumber in loading shed, wrote it "on a stock of lumber on the premises." This policy was written by the Greenwich Insurance Company, and both policies were mailed to Amis at Rison, Ark., where he resided. On April 21, 1902, Banks received instructions from the Greenwich Insurance Company to cancel the policy or increase the rate of premium to 10 per cent., and on that date he wrote and mailed a letter to Amis, informing him of the requirement of the Greenwich Company, and saying: "I am cancelling the lumber policy and rewriting same in the Phœnix, of Brooklyn, and shall send you policy at once." He wrote the policy on April 23, 1902, which is the one in controversy, carrying into it the same mistakes hereinbefore set forth as to name of assured and description of property, and mailed it to Amis at Rison on that day. The lumber in the loading shed, shown to be of the value of $2,047, was destroyed by fire on the evening of April 23, 1902, at 7:30 or 8 o'clock. Mr. Amis testified that he received the policies of April 10 by mail, but did not discover the mistake therein until he received, on April 22, Mr. Banks' letter concerning cancellation of the Greenwich policy, and that he intended to go to Fordyce the next day (April 23) to have the policies rewritten so as to correct the

mistakes, but was unavoidably detained by other engagements; and that he received the Phœnix policy by mail on April 24, the same having arrived at the postoffice at Rison the afternoon preceding. The defendant answered, denying all the allegations of the complaint, and pleading that the policy sued on was issued by the agent, Banks, without authority from the insured, and was not accepted by the insured until after the fire. The chancellor decreed a reformation of the policy and recovery of the amount thereof with interest, and the defendant appealed.

*Alexander & Thompson,* for appellant.

*W. S. Amis, Crawford & Gantt* and *Taylor & Jones,* for appellee.

McCULLOCH, J., (after stating the facts.) An insurance policy, like any other contract, which by reason by mistake in its execution does not conform to the real agreement of the parties, may be reformed in a court of equity. *Thompson* v. *Insurance Company,* 136 U. S. 287, 10 Sup. Ct. 1019, 34 L. Ed. 408; *Snell* v. *Insurance Company,* 98 U. S. 85, 25 L. Ed. 52; *Jamison* v. *State Insurance Company,* 85 Iowa, 229, 52 N. W. 185. The proof fully warranted the decree of the court reforming the policy in the particulars specified. The testimony is undisputed that a mistake was made in writing the policy to and in the name of Amis, instead of the lumber company, and in writing it on all the lumber, instead of on the lumber in the loading shed. This disposes of the contention of appellant as to the coinsurance clause in the policy. Treating it as reformed so as to insure only the lumber in the shed, the insurance thereon was more than the percentage of value required in the policy, and the terms of this clause were complied with.

It is contended on behalf of appellant that, because of the stipulation in the Greenwich policy requiring five days to the assured before cancellation, the policy was not legally canceled, and that the substitution by the agent of the Phœnix policy was unauthorized. We cannot sanction this view. The stipulation for five days' notice of cancellation was made for the benefit of the assured, and could be waived by the assured. *Southern Ins. Co.* v. *Williams,* 62 Ark. 382, 35 S. W. 1101; *Kirby* v. *Ins. Co.,* 13 Lea, 340; *Buick* v. *Mechanics' Ins. Co.,* 103 Mich. 75, 61

N. W. 337. The policy was in fact canceled by the agent, and his act in so doing was ratified as soon as brought to the attention of the assured. The stipulation was a part of the Greenwich policy, and appellant had no interest therein or concern therewith. Appellant's agent issued a policy on the property in question, which was in force at the time of the fire. The agent wrote the assured: "I am cancelling the lumber policy and rewriting same in the Phœnix of Brooklyn, and shall send you policy at once. * * * Please return the lumber policy in Greenwich at once." He mailed the policy to the assured before the fire, and same reached the postoffice at Rison, the home of Mr. Amis, before the fire, but was not taken from the office until the next day. Meanwhile the fire occurred. The proof shows that a previous agreement existed between Amis and Banks, the agent, that the property of the lumber company should be kept insured. No particular insurance company or companies were mentioned, and Amis gave no concern to that matter. He constituted Banks his agent for the purpose of selecting the company or companies, and, pursuant to this arrangement, Banks, without notice to Amis, canceled the Greenwich policy, and substituted therefor the Phœnix policy, and mailed it to Amis before the fire occurred. Banks, though the agent of the insurance companies, could be and was made the agent of the insured for those purposes. Ostrander on Insurance (2 Ed.), § § 41, 42; *Schauer* v. *Queen Ins. Co.,* 88 Wis. 561, 60 N. W. 994; *Mich. Pipe Co.* v. *Mich., etc., Ins. Co.,* 92 Mich. 482, 52 N. W. 1070, 20 L. R. A. 277; *Dibble* v. *Northern Ins. Co.,* 70 Mich. 1, 37 N. W. 704, 14 Am. St. Rep. 470; *Arnfeld* v. *Guardian Ins. Co.,* 172 Pa. 605, 34 Atl. 580; *Huggins, Croker & Cowdy Co.* v. *People's Ins. Co.,* 41 Mo. App. 530. We see no escape from the conclusion that the Phœnix policy was in force when the fire occurred, and that that company is liable for the loss.

Decree affirmed.