BENNIE ORKIN, RESPONDENT, v. STANDARD FIRE IN-SURANCE COMPANY OF NEW JERSEY, APPELLANT.

Submitted July 9, 1923—Decided November 19, 1923.

When the owner of property employs a licensed insurance broker to procure insurance thereon for a specified amount, to select the company by which the policy is to be issued, and thereafter to keep the property insured for the sum named, the broker, as agent for the insured, is clothed with authority to accept, for his principal, notice of cancellation of the policy originally pro-cured, and to take out other insurance for the owner, upon the cancellation of the original policy.

On appeal from the Supreme Court.

For the appellant, *J. Forman Sinnickson (Arthur S. Arnold,* of the Philadelphia bar), on the brief.

For the respondent, *D. Trueman Stackhouse.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought upon a policy of insurance, averred to have been issued by the defendant company and delivered to the plaintiff, to recover the loss sustained by the latter through a fire which occurred on the 11th of October, 1921, and destroyed the property covered by the policy. The trial of the case resulted in a verdict in favor of the plaintiff, and from the judgment entered thereon the defendant appeals.

On the evidence submitted, the jury was entitled to find the following facts: The plaintiff, in July, 1921, employed one Brownholtz, a licensed insurance broker, to procure insurance for him to the amount of $1,500 upon the property described in the policy. By the terms of the employment the broker was authorized and required to select the company by which the policy should be issued and thereafter to keep the property insured for the sum mentioned. Pursuant to this employment, Brownholtz applied to one Hambleton, who was the agent of the London Assurance Corporation, and also of the Standard Fire Insurance Company of New Jersey, for the issuance of a policy to Orkin; and this agent thereupon placed the insurance with the London company, the policy of that company being issued in the latter part of July, and delivered to Brownholtz, who in turn delivered it to the plaintiff. Some time in August the London company ordered Hambleton to have the policy canceled, and Hambleton thereupon notified Brownholtz of the cancellation. The latter, upon receiving notice of the cancellation, applied to Hambleton for the issuance of another policy, and, in compliance with this request, the policy now in suit was issued by the Standard company and delivered, through Hambleton, to Brownholtz, the delivery being about the 26th of September. Brownholtz called at Mr. Orkin's home for the purpose of advising him of the cancellation of the London policy and the issuing of the Standard company's policy in its place; but, failing to find him at home, took no further steps to advise him of these facts until the occurrence of the fire. In the meantime the Standard company's policy remained in the possession of Brownholtz.

On the above facts it is contended, on behalf of the appellant as a ground for reversing the judgment under review, that it is not liable upon its policy for the reason that there never had been any cancellation of the London company's policy, because of the failure of that company to notify the plaintiff personally of its action; that, therefore, this policy was still in force, and that, consequently, there could have been no substitution of the policy which is the subject-matter

of the present litigation in place thereof. It is contended, further, that, as there had been no delivery of the defendant company's policy to the plaintiff personally, no binding contract of insurance existed between the present parties. These contentions are based upon the theory that Brownholtz was not the agent of the plaintiff to do anything except to take out the original policy and had no authority to act for the plaintiff, either in accepting notice of the cancellation of the London policy or in taking out insurance in the defendant company. We think these contentions are each of them unsound. The employment of Brownholtz was not that of a mere soliciting insurance agent. By the terms of that employment he was constituted the agent of the plaintiff, not only to take out the original policy, but thereafter to keep him insured to the extent of $1,500 in respect to the property covered by that policy. In the case of *Farrar* v. *Western Assurance Co.*, 159 *Pac. Rep.* 609, 611 (which was almost identical in its facts, so far as the scope of the employment was concerned), it was held that the broker, by the very terms of his employment, became clothed as the agent of the insured, with authority to accept for his principal, and act upon a notice of cancellation, and to procure for him substituted insurance in another company upon the cancellation of the original policy. To the same effect is the decision of the Supreme Court of Wisconsin in *Schauer* v. *Queen's Ins. Co.*, 88 *Wis.* 561, in dealing with a similar contract of employment. We approve and affirm the principle of the law of agency declared in these decisions.

This view of the relationship of Brownholtz to the plaintiff, so far as it bears upon the present litigation, disposes of all of the grounds of appeal; for each one of them is based upon the theory that the authority of Brownholtz was limited to the obtaining of the first policy issued to the plaintiff, and that, when that policy was issued and delivered, his right to represent the plaintiff in any future transaction relating to the insurance of the property described in that policy ceased.

The judgment under review will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-
CHARD, PARKER, KALISCH, BLACK, KATZENBACH, WHITE,
HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.   11.

*For reversal*—None.