INSURANCE UNDERWRITERS' AGENCY OF THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA *v.* PRIDE.

Opinion delivered May 9, 1927.

1. APPEAL AND ERROR—DEFENSE NOT RAISED BELOW.—A defense which was not raised in the trial court will not be heard for the first time on appeal.

2. INSURANCE—WHEN POLICY BINDING.—Where the owners of property in a store instructed the agent to keep it insured, without designating the name of the company, a policy written by the agent and turned over to a clerk in the store with a request for surrender of the old policy was enforceable, though the policy had originally been placed with another company, and had been canceled by the agent without notice.

3. INSURANCE—INSTRUCTION TO AGENT TO KEEP PROPERTY INSURED.—An instruction to an insurance agent to keep the property insured, leaving the selection of the company to the agent, gave him authority to accept a policy for insured when written, to waive cancellation notice clause of old policy, and to accept a new policy in lieu thereof.

4. INSURANCE—RIGHT OF ACTION OF LIEN-HOLDER.—A lien-holder can maintain an action on a policy under ordinary loss payable clause, as his interest may appear, independent of insured, if the lien-holder is entitled to the entire amount of the policy.

5. INSURANCE—VESTED RIGHT OF MORTGAGEE.—A mortgagee or lien-holder acquires a vested or enforced right under the ordinary loss payable clause, as his interest may appear, which cannot be destroyed by a settlement between the insurer and insured.

Appeal from Mississippi Circuit Court, Chickasawba District; *W. W. Bandy,* Judge; affirmed.

*G. T. Fitzhugh* and *J. T. Coston,* for appellant.

*Gravette & Alexander,* for appellee.

HUMPHREYS, J.   This suit was brought in the Chickasawba District of the circuit court of Mississippi County by appellee and Paul Howard against appellant upon a fire insurance policy, No. 818634, to recover $3,000, the face value thereof, for the destruction of a stock of goods and fixtures by fire on November 26, 1924. On June 29, 1925, Paul Howard met Bruce Richards, the adjuster of W. L. Nelson & Company, general agents of appellant, in their office in Memphis, Tennessee, and made a statement to the effect that the policy sued upon

was never accepted by him but was attempted to be substituted by W. M. Burns, local insurance agent for appellant in Blytheville, Arkansas, for a policy theretofore written by said Burns in the Liverpool, London & Globe Insurance Company, without his authority and consent, and that he (Howard) was not in accord with the action of J. P. Pride, the mortgagee of the goods and fixtures, in the employment of attorneys and the institution of this suit. After making the statement he accepted $90 return premium on the policy sued upon and issued the following receipt for same:

"Receipt for Return Premium.

"June 29, 1925.

"Receipt is hereby acknowledged of the sum of ninety and no/100 dollars ($90), same being the premium under Insurance Underwriters' Policy No. 818634, being return to me by W. L. Nelson & Company, for the reason that such sum of money is for the premuim of the above policy which I did not order or ever instruct the said company and/or its agent to issue. I do not have the policy contract, for I am of the opinion that the same was destroyed by fire. If the policy contract was in my possession I would freely and willingly surrender same, and do·hereby promise to do so if it is found.

"In witness whereof I have hereunto set my hand, this 29th day of June, 1925.

"Paul Howard, assured.

"Witness:  Jno. Clinton."

On the same day Howard wrote and mailed the following letter to the attorneys which he and Pride had employed to bring the suit:

"Memphis, Tennessee, June 29, 1925.

"Messrs. Alexander & Gravette,
Blytheville, Arkansas.

"Gentlemen: Pursuant to my verbal instructions given you Saturday, June 27, 1925, I hereby instruct you to dismiss the suit filed in my name against the Stuyvesant Insurance Company under their Pol. No. 1130068, as I have made settlement with the company, they agree-

ing to pay the court costs, which I am advised is $11.05, and attorneys' fees of $30.

"You are also instructed to dismiss the suit under Insurance Underwriters' Pol. No. 818634, as I do not wish this suit further contested, being confident that this company should pay me nothing. Please advise me by return mail that these instructions are understood and that you have complied with my wishes.

"Please let me have your bill for expenses and court cost and attorneys' fee in filing the suit against the Insurance Underwriters' Agency.

"Yours very truly, Paul Howard."

The attorneys answered by return mail to the effect that the suit would not be dismissed unless the court dismissed it.

Appellant filed a motion to dismiss the case when court convened. The motion was granted as to Paul Howard and denied as to J. P. Pride.

An answer was filed, denying liability under the policy, and the cause proceeded to a trial in the name of J. P. Pride, resulting in a verdict and consequent judgment in favor of appellee for $1,200, from which is this appeal.

The facts, briefly stated, are as follows: Paul Howard purchased a stock of goods and fixtures in Blytheville, Arkansas, from J. P. Pride, on May 31, 1924, which were insured for $5,000. Pride executed a bill of sale to Howard for the property, reserving the title in himself until the purchase money was paid. The fixtures were valued in the trade at $2,069 and the goods at $1,892. In November, 1924, after the stock had been reduced to some extent by sales, Pride and Howard applied to W. M. Burns, who represented several insurance companies, including the company of appellant, for a cancellation of the $5,000 policy and issuance of a new policy for $3,000, $1,800 on the stock and $1,200 on fixtures, without selecting or designating the company in which the policy should be written. The selection or designation of the company was left entirely to the local

agent, Burns. The only instruction given by them to Burns was to keep their property insured. Burns knew that Pride had reserved the title when he sold the property to Howard, or at least that Pride owned an interest in the property. Howard paid the premium, and a new policy was issued in the Liverpool, London & Globe Insurance Company conforming to the application. The policy contained a provision for cancellation upon five days' notice. When Burns reported the issuance of the policy to the home office the Liverpool, London & Globe Insurance Company wired him to cancel the policy, which he did, without giving five days' notice, and immediately issued the policy sued upon and took it to the store and delivered it to the clerk in charge, Howard being absent, who put it in the cash register. It was the custom in canceling policies to pay no attention to the notice. The custom was for the agent to rewrite the insured in a new company and take up the old policy. The old policy in this instance was locked up in the safe, and the clerk did not have access to it. A rider was placed upon the policy stating that the amount due Howard thereon should be paid to J. P. Pride as his interest might appear. Through mistake or typographical error the rider applied to Insurance Underwriters of New York. The day after Burns left the policy with Howard's clerk he was in the store, and the clerk offered him the policy, but he informed the clerk that it was the old policy he wanted to take up, and refused to take up the new policy which he had left for Howard. The fire which destroyed the property occurred that night, and the new policy was burned. The old policy was obtained a few days after the fire and returned to the Liverpool, London & Globe Insurance Company.

Before discussing the questions properly raised for determination on this appeal, we will refer for a moment to the contention of appellant that the judgment should be reversed because the rider pasted on the policy applied to the Insurance Underwriters of New York and not to appellant. Appellant made no defense on this ground

in the trial court, and he cannot be heard to raise the question the first time on appeal. It is apparent that the reference to the New York company was a mistake, for, if not, appellant would have interposed the defense that the policy was not written or the premium received by it.

Appellant contends for a reversal of the judgment upon the ground that the policy sued upon was not delivered to Howard. The theory advanced is that, because the policy was not handed to and accepted by Howard, it did not become a binding obligation upon or contract between the parties, the argument being that there was no meeting of the minds of the parties upon the terms thereof, and therefore no contract. It is true that mutuality is one of the essentials of a contract, and such essential is not lacking in this contract. Both Pride and Howard conferred authority in the beginning upon Burns to insure their property in any company he represented, leaving the selection or designation of any company to him. Our court is committed to the doctrine that authority of such breadth and scope has the effect of constituting the agent of the insurer, the agent of the insured also to accept the policy when written, and to waive the cancellation notice clause. and to accept a new policy in lieu of an old one. *Phoenix Insurance Co.* v. *State,* 76 Ark. 180, 88 S. W. 917, 6 Ann. Cas. 440; *Commercial Union Fire Insurance Co.* v. *King,* 108 Ark. 130, 156 S. W. 445; *The Allemania Fire Insurance Co.* v. *Sweng,* 127 Ark. 141, 191 S. W. 903.

Appellant also contends for a reversal of the judgment on the ground that one who has a lien upon property cannot maintain an action under an ordinary loss-payable clause as his interest may appear in an insurance policy, independent of the insured. We can see no reason for this petition, if the lienholder is entitled to the entire amount of the policy, as in this case; nor why the lienholder would not have a right to use the name of the insured as well as his own in prosecuting a suit against the insurer if his interest was as great or greater than

that of the insured. We think the case of *Burlington Insurance Co.* v. *Lowery,* 61 Ark. 108, 32 S. W. 383, 54 Am. St. Rep. 196, is authority for the maintenance of such a suit by the lienholder in case it appears that his interest is as great or greater than that of the insured. If the doctrine were otherwise there could be no reason or use of inserting such a clause in a policy. It would merely serve as an invitation to every insured to settle with the insurer for a few dollars in case of loss, if the lien amounted to as much or more than the amount due under the policy. We think a mortgagee or lienholder acquires a vested and enforceable right under an ordinary loss-payable clause as his interest may appear in an insurance policy which cannot be destroyed by a settlement or adjustment between the insurer and the insured.

No error appearing, the judgment is affirmed.