FIREMEN'S INSURANCE COMPANY *v.* SIMMONS.

Opinion delivered November 25, 1929.

McMillen & Scott, for appellant.

Marveline Osborne, Robert Bailey and Hays, Priddy & Rorex, for appellee.

McHaney, J. On November 13, 1928, appellee, Simmons, applied to the Pope County Real Estate Company, general agents for a large number of fire insurance companies, for a policy of fire insurance on his store building and fixtures, located about fourteen miles north of Russellville. Mr. Luck, acting for the Pope County Real Estate Company, issued and delivered to him on the same date a policy in appellee company, the Bankers' & Shippers' Insurance Company, covering $600 on the building and $200 on the fixtures, for which the premium was paid by Simmons in cash. The issuance of this policy was reported by the agency in Russellville to the company's general agents in Memphis, who directed a cancellation of the risk. Just when this was done is not shown. However, this policy was not immediately canceled by Mr. Luck, who attended to the matter, but on December 20, without the knowledge of the insured, he issued another policy in appellant company covering this same risk. The insured had not directed him in what company to place the risk, and he wrote it, in accordance with his custom, in any company he wished—one he thought would carry the risk. Luck had not .notified Simmons that the Bankers' & Shippers' had instructed

him to cancel the policy, or that he had done so, or that he had rewritten it in appellant.

A fire occurred on December 21, 1928, which destroyed the property insured. Notice of loss was given both companies by Simmons, both denied liability, and this suit followed. It was tried before the court sitting as a jury, which resulted in a judgment against appellant for the full amount, with penalty and attorney's fee. The court found for appellee Bankers' & Shippers' and dismissed the complaint as to it. The Firemen's Insurance Company has appealed from the judgment against it, and Simmons has taken a cross-appeal as against the Bankers' & Shippers' Insurance Company.

It is first argued by appellant that the complaint failed to state a cause of action against it, and that its demurrer should therefore have been sustained. The complaint was directed against both companies, a kind of double-barreled action, with the hope that, if one escaped liability, the other might not. And while it is true the complaint, as to appellant, alleged that its policy was issued by the agent "without the knowledge or consent of the plaintiff, who still had charge of the first policy," we do not think this allegation had the effect of negativing a cause of action against appellant. It was alleged that the policy was issued covering the risk, and judgment was prayed against it.

Neither was appellant prejudiced by being sued jointly with the Bankers' & Shippers'. If it is liable for the loss sustained, and the other company is not, as the circuit court held, certainly appellant could not complain because another not liable was jointly made a defendant with it.

The real question in the case is whether appellant is liable at all under the facts and circumstances developed. The policy of the Bankers' & Shippers' contained a clause providing that the company might cancel the policy on five days' notice to the insured. This notice was not given. But we have many times

held that this clause is for the benefit of the insured, and may be waived by him, and that the agent of the company may also be the agent of the insured to accept notice of cancellation, and keep the property insured by writing it in another company. *Phoenix Ins. Co.* v. *State,* 76 Ark. 180, 88 S. W. 917, 6 Ann. Cas. 440; *Allemania Fire Ins. Co.* v. *Zweng,* 127 Ark. 141, 191 S. W. 903; *Insurance Underwriters' Agency* v. *Pride,* 173 Ark. 1016, 294 S. W. 19; *Home Fire Ins. Co.* v. *Parker,* 177 Ark. 678, 7 S. W. (2d) 324. In most of the cases coming before this court, where the rule above stated has been announced and followed, there appears to have been an agreement between the insured and the agent that the agent would keep the property insured, and this agreement may be either express or implied from the circumstances under which the policy was issued, or from continued course of conduct of the parties; as, for instance, where the agent renews on expirations, and accepts notices of cancellations and issues other policies in their stead, which is either known or acquiesced in by the insured. Take, for instance, the case of *Ins. Underwriters' Agency* v. *Pride, supra,* the court said: "Both Pride and Howard conferred authority in the beginning upon Burns to insure their property in any company he represented, leaving the selection or designation of any company to him. Our court is committed to the doctrine that authority of such breadth and scope has the effect of constituting the agent of the insurer the agent of the insured also to accept the policy when written, and to waive the cancellation notice clause, and to accept a new policy in lieu of the old one." Citing cases. Also, in the more recent case of *Home Fire Ins. Co.* v. *Parker,* 177 Ark. 678, 7 S. W. (2d) 324, we said:

"It is first insisted that the court committed error in refusing appellant's request for a peremptory instruction. This contention is based on the ground that the policy of the Home Fire Insurance Company of New York was still in effect on the date of the fire, by reason of the five-day cancellation clause heretofore mentioned, and

that, under the concurrent insurance clause in its policy, same never became effective and binding on it, because of the prior insurance existing in the Home of New York. We do not agree with counsel in this contention, as the letter of Mr. Mixon to appellee shows clearly that he had canceled the policy of the Home of New York, and that he had renewed the risk in appellant company. The five-day clause referred to does not apply to a situation of this kind. It is for the benefit of the policyholder. While the company has the right to cancel it, it cannot do so until the expiration of five days, without the consent of the policyholder, which gives him this time in which to secure additional insurance. Being for the benefit of the policyholder, it is a provision that can be waived by him, and was waived in this case by the acquiescence of appellee in the action of Mr. Mixon, who stated that he had canceled the policy in the Home of New York and had rewritten it in appellant company, to run one year from date, and it makes no difference that the policy was actually countersigned and delivered after the fire, because the appellee rested under the assurance of Mr. Mixon that his risk was covered. Mixon was the general agent for both companies, holding blank policies, with the power to execute and deliver and bind his companies immediately on fire insurance risks. *Milwaukee Mechanics' Ins. Co.* v. *Fuquay,* 120 Ark. 330, 179 S. W. 497.''

So, in this case, we think an agreement may be fairly implied between appellee Simmons and the agent to keep his property insured, to accept notice of cancellation, to waive the five-day clause, and to write another policy in a company that would carry the risk. He applied for insurance, and left it to the agent to place it with any company he represented. He paid his premium for a year's insurance, showing conclusively that he wanted insurance continuously for a year. He was willing to accept any company the agent represented, and we think it fair to assume that, if the company canceled its policy, he would expect the agent to write it in another. The agent so un-

derstood his authority, and Simmons acquiesced in the agent's action, for, after the fire, when advised that the first policy had been canceled and a new one written in appellant, he surrendered the one for cancellation and accepted delivery of the other, thereby ratifying the action of the agent. We therefore hold that the trial court did not err in holding appellant liable.

It is finally insisted that appellant is not liable for the reason that the building insured was on ground not owned by Simmons in fee simple, in violation of a clause in the policy providing that it should be void if the building be on ground not so owned by insured. This is not a suit to try title to the land on which the building is located. Appellant and his grantors have been in possession of the land, paying the taxes thereon for many years, more than seven. There does not appear to be any adverse claimant, and, for the purposes of this litigation at least, he is the owner of the property.

We find no error, so the judgment must be affirmed. It is so ordered.