DENT v. FROUG'S, INCORPORATED.

4-3509

Opinion delivered June 25, 1934.

*Louis Tarlowski*, for appellant.

*House, Moses & Holmes* and *Eugene R. Warren*, for appellees.

MEHAFFY, J. This suit was begun by appellees, Froug's, Incorporated, and the Union Bank, against the appellant, S. M. Dent, receiver of Globe & Rutgers Fire Insurance Company, in the Pulaski Circuit Court, to recover on two insurance policies issued by appellant. One of the policies for $2,500 covered the store and office fixtures. Liability on this policy was admitted in the court below, and this policy is not involved here. The other policy, the one here involved, was for $5,000 covering stock of merchandise in appellee's store at 414 Main Street, Little Rock, Arkansas. The appellant denied liability on the ground that the policy had been canceled. Jury was waived, and the case was tried by the court sitting as a jury, and resulted in a finding and judgment against appellant for the amount of the policy. The case is here on appeal.

The policy was regularly issued and accepted by the appellee. The appellant states the question to be determined by this court as follows: "The sole question therefore as to policy No. 5,510,782 is whether notice by the company to the agent (who is also the agent of the assured) to cancel, without tender of unearned premiums, and the return of the policy itself, is sufficient to constitute a cancellation in fact of the policy."

There is practically no conflict in the testimony, and the facts may be stated as follows: Bruce S. Biddle, agent of appellant, issued the policy sued on. Appellant instructed its agent to cancel the policy and retake the same from the appellee. The said agent did in fact report to the company that the policy was canceled, and he secured another policy to be issued by the Westchester Fire Insurance Company. Biddle, however, never notified the appellee either about the cancellation of the policy or that the other policy was issued by the Westchester Fire Insurance Company, and the appellee never heard anything about this until after the fire. The undisputed evidence shows that the Biddle agency had a small portion of appellee's insurance, but that on all occasions when they would get a policy for appellee it would be submitted to Froug for his approval and did not become effective until he approved it. Biddle had no authority to put in effect any policy issued until it was approved by Froug. While he had authority to write insurance policies and did write them for Froug, Froug always required that the policies be presented to him for his approval. There is no evidence in the record that Biddle had authority to cancel a policy, to waive the notice, or to waive return of premium, and there was no notice given to Froug, no premium returned, and no notice that any other policy had ever been issued. The policy sued on contains the following statement with reference to cancellation of policies: "This policy shall be canceled at any time at the request of the insured; or by the company by giving five days' notice of such cancellation. If this policy shall be canceled as hereinbefore provided or become void or cease, the premium having been actually paid, the un-

earned portion shall be returned on surrender of this policy or last renewal, this company retaining the customary short rate; except when this policy is canceled by this company by giving notice, it shall retain only the *pro rata* premium." After the fire, Froug made proof of loss under the policy here involved, and, at the suggestion of one of the adjusters for the insurance company, he filed proof of loss with the Westchester Fire Insurance Company, but stated in the proof of loss as follows: "We are furnishing this proof of loss so as to preserve the rights of the parties in interest because of the controversy with respect to liability under the policy." He never had the policy of the Westchester Fire Insurance Company, never saw it, and never accepted it, and did not know until after the fire that it had been issued or was in existence, and he did not return the policy sued on in this action.

Appellant cites and relies on *Phoenix Ins. Co.* v. *State,* 76 Ark. 180, 88 S. W. 917. That case holds, as many others, that the stipulation for five days' notice was made for the benefit of the assured and could be waived by the assured, but the court stated: "The policy was in fact canceled by the agent, and his act in doing so was ratified as soon as brought to the attention of the assured." There is not only no such evidence in the instant case, but the undisputed evidence is that the assured did not ratify it, did not know about it, and never accepted any policy without an opportunity to first examine it.

Appellant next calls attention to the case of *Allemania Fire Ins. Co.* v. *Zweng,* 127 Ark. 141, 191 S. W. 903. The court stated in this case: "The court held in effect that, where a policy of insurance provides that it may be canceled upon notice to the insured, notice by the company to its own agent to cancel the policy is ineffective as a cancellation, in the absence of authority to the agent from the insured to act for him in receiving notice of cancellation and in procuring other business." In the instant case, there is no evidence of authority of the agent to receive notice of cancellation of the policy or write a policy in substitution thereof. On the contrary, the un-

disputed evidence shows that the agent did not have authority, that no policy was in effect until it had been submitted to and approved by Mr. Froug.

The next case to which attention is called is *Insurance Underwriters' Agency* v. *Pride,* 173 Ark. 1016, 294 S. W. 19. The court in that case said: "It is true that mutuality is one of the essentials of a contract, and such essential is not lacking in this contract. Both Pride and Howard conferred authority in the beginning on Burns to insure their property in any company he represented, leaving the selection or designation to him. Our court is committed to the doctrine that authority of such breadth and scope has the effect of constituting the agent of the insurer the agent of the insured also to accept the policy when written, and to waive the cancellation in this clause, and to accept a new policy in lieu of an old one." In the instant case, the evidence of both the agent and of Froug is to the effect that the agent could not accept the policy but that it must be submitted to Froug.

Appellant calls attention also to *Commercial Union Fire Insurance Co.* v. *King,* 108 Ark. 130, 156 S. W. 445. The court in that case said: "The notice must be given to the insured, and it should state not merely an intent to cancel, if some condition be not complied with, but it must be an actual notice of cancellation within the meaning of the policy and so unequivocal in its form that the insured may not be left in doubt that his insurance will expire on the time limited by the terms of the notice, and that the company will not be liable for any loss after the expiration of that time."

The next case relied on by appellant is *Firemen's Ins. Co.* v. *Simmons,* 180 Ark. 500, 22 S. W. (2d) 45. The court in this case approved the rule announced in other cases, citing the cases above mentioned, and then said: "In most of the cases coming before this court where the rule above stated had been announced and followed, there appears to have been an agreement between the insured and the agent that the agent would keep the property insured, and this agreement may be either expressed or implied from the circumstances under which the policy

was issued, or from continued course of conduct of the parties; as, for instance, where the agent renews on expirations and accepts notice of cancellations and issues other policies in their stead, which is either known or acquiesced in by the insured.'' The evidence in the instant case not only shows no circumstances indicating an agreement on the part of the insured but both parties testify very positively that a policy would not be in effect until submitted to and approved by Froug.

Appellant then refers to *National Union Indemnity Co.* v. *Standard Accident Co.*, 179 Ark. 1097, 20 S. W. (2d) 125. That case simply holds that the parties may agree to a cancellation with or without refund of unearned premiums, but there is no agreement in this case.

Attention is also called to *Home Fire Ins. Co.* v. *Parker*, 177 Ark. 678, 7 S. W. (2d) 324. The court said there: ''We think we may safely assume, in this case, that the agent of appellant had authority from appellee to keep his property insured.'' There is nothing in that case which supports the contention of appellant.

It is well settled by the decisions of this court that the provision in the policy for notice is for the benefit of the insured and may be waived by him. It is, however, equally well settled that, unless there is evidence of a waiver, the notice must be given.

It is also contended that furnishing proof of loss to the Westchester Fire Insurance Company was a ratification of the cancellation. There was no ratification. This proof was made at the suggestion of one of the adjusters of the insurance company, and Mr. Froug added: ''We are furnishing this proof of loss so as to preserve the rights of the parties in interest because of the controversy with respect to liability under the policy.'' The appellee did not have the Westchester policy, did not know until after the fire that it had been issued, never did receive it or accept it, but kept the policy sued on constantly and never did anything, so far as the evidence in the record shows, to indicate that he knew anything about any suggestion that this policy be canceled.

We find no error, and the judgment is affirmed.