**CARLANDER v. DUBUQUE FIRE & MARINE INS. CO. et al.**

Civ. No. 492.

United States District Court
W. D. Arkansas, El Dorado Division.

Nov. 23, 1949.

James H. Nobles, Jr. of Wilson, Kimpel & Nobles, El Dorado, Ark., for plaintiff.

Davis & Allen, El Dorado, Ark., for movant Dubuque Fire & Marine Ins. Co., on motion for summary judgment.

Surrey E. Gilliam, El Dorado, Ark., for other defendants, who were not involved in this motion.

JOHN E. MILLER, District Judge.

Plaintiff filed her complaint against the defendants in the Chancery Court of Union County, Arkansas, praying for a recovery against the defendant insurance companies on certain policies issued by them to the plaintiff, and in the alternative, praying for a recovery against the other defendants for their failure to properly place insurance on the property of the plaintiff which was destroyed by fire.

The defendant, Dubuque Fire & Marine Insurance Company, hereafter referred to as Dubuque, removed the case to this court under title 28 U.S.C.A. § 1441(c), on the ground of a separate and independent claim against it falling within the original jurisdiction of this court which would have been removable if sued upon alone. Between plaintiff and this defendant there is diversity of citizenship and the amount in controversy exceeds the sum of $3,000.00, exclusive of interest and costs.

Thereafter, defendant, Dubuque, filed a motion for summary judgment. The Court, proceeding under local Rule 8 of this court, granted the motion by order filed October 8, 1949, but subsequently set that order aside upon motion of the plaintiff, and granted the parties time in which to submit briefs. The briefs have now been filed and considered, and the motion for summary judgment is before the court again for final disposition.

According to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., judgment, on such a motion, "shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Court is well aware of the office of this motion, and fully realizes that it must proceed with caution and give careful consideration to the preferential position of the party against whom the motion is directed in analyzing the facts to determine if there be a genuine issue as to any material fact. This proposition is well stated by the Court of Appeals for this, the 8th Circuit in the case of Ramsouer v. Midland Valley R. Co., 135 F.2d 101, 106, and need not be further elaborated here.

"In considering such a motion (for a summary judgment) as in a motion for a directed verdict, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. If, when so viewed, reasonable men might reach different conclusions, the motion should be denied and the case tried on its merits."

A study of the pleadings and the affidavits of Mr. Julius Miller, Secretary-Treasurer of the defendant, Home Finance Company, Inc., and the plaintiff reveals the following facts:

On or about February 18, 1946, the plaintiff obtained a loan from the defendant, Home Finance Co., Inc., in the amount of $1500.00, and executed as security therefor a mortgage on certain real property owned by her. The Finance Company required that the property be insured against loss by fire in an amount of not less than the loan. Accordingly, the plaintiff left with an agent of the Finance Company the sum of $70.75 with the request that insurance be obtained to cover the property for a two year period. An order was placed with the defendant, Union Investment Company, Inc., for a policy of fire insurance in the amount of $2,500.00, and pursuant to this order, Union Investment Co. delivered to the Finance Company policy No. OC-1401213 issued by Dubuque, in which plain-

tiff was the named insured with a loss payable clause in favor of the defendant Finance Company as its interest might appear.

On March 6, 1946, plaintiff returned to the office of the Finance Company and requested that an additional $2,500.00 policy on the property be secured. She left the sum of $70.75 to cover premiums for a two year period. The same procedure was followed as in the case of the first policy, with Dubuque issuing the policy, No. OC-1401221, in the name of the plaintiff as insured with the mortgagee clause in favor of the Finance Company as its interest might appear. In neither instance did the plaintiff make a designation as to what insurance company should issue the policy, but merely requested that the insurance be secured for a two year period.

Policy No. OC-1401213 was delivered to the plaintiff and the other policy was retained by the Finance Company.

On November 24, 1947, L. F. Brewer, General Manager of defendant, Union Investment Company, Inc., advised Mr. Julius Miller that Dubuque had notified him, Brewer, to cancel all policies in the El Dorado, Arkansas, area as Dubuque was withdrawing from the State. Brewer further advised that he had cancelled all such policies, including the two policies above mentioned, and that he was substituting policies written in another company, the defendant, Southern Farmers Mutual Insurance Company. The Finance Company delivered to defendant, Union Investment Company, for cancellation the Dubuque policies in its possession. At the time policy No. OC-1401213 could not be located (it was in the possession of plaintiff), so a lost policy receipt was executed by Mr. Brewer covering that policy. The substituted policies, issued by defendant, Southern Farmers Mutual Insurance Company, Nos. 66340 and 66341, contained the same coverage as the two policies theretofore issued by Dubuque, each being in the amount of $2,500.00, in the name of plaintiff as insured and with mortgagee clause in favor of the Finance Company as its interest might appear. The latter two policies were to run for the remainder of the two year period, with one expiring on February 18, 1948, and the other on March 6, 1948.

The two policies of Dubuque provided that cancellation might be had at any time by giving to the insured a five days' written notice. No notice was given to the plaintiff at the time of the cancellation of these two policies.

Plaintiff's property was destroyed by fire on December 27, 1947, and she obtained knowledge of the cancellation of the Dubuque policies and the substitution of the Southern Farmers' policies therefor a few days after the fire.

Since the court's jurisdiction of the claim against Dubuque is based upon diversity of citizenship and the presence of the jurisdictional amount, the substantive law of the State of Arkansas governs, there being no question of conflicts of law since the insurance contracts were made and were to be performed in this State.

Briefly, defendant's, Dubuque, contention is that under the undisputed facts, set forth above, it is entitled to judgment as a matter of law, since the notice of cancellation may be waived by the insured or her agent, and under these facts and the law of Arkansas, the Finance Company was the agent of the plaintiff for purposes of accepting or waiving the five days' notice.

Plaintiff's contention is that the undisputed facts show the establishment of an agency for procurement of insurance only, which did not of itself carry with it the authority to effectuate a cancellation, or at least, conflicting inferences as to the scope of the agency might be drawn by the fact finder at the trial on the merits, thus, making disposition of the claim on motion for summary judgment improper.

Referring, then, to the Arkansas cases it is observed that the Arkansas Supreme Court has taken a very definite stand on this question. In Insurance Underwriters' Agency v. Pride, 173 Ark. 1016, 1020, 294 S.W. 19, 21, the court stated:

"Both Pride and Howard conferred authority in the beginning upon Burns to insure their property in any company he represented, leaving the selection or designa-

tion of any company to him. Our court is committed to the doctrine that authority of such breadth and scope has the effect of constituting the agent of the insurer, the agent of the insured also, to accept the policy when written, and to waive the cancellation notice clause, and to accept a new policy in lieu of an old one."

And, in Firemen's Insurance Co. v. Simmons, 180 Ark. 500, 503, 22 S.W.2d 45, 46 the following statement appears:

"In most of the cases coming before this court, where the rule above stated has been announced and followed, there appears to have been an agreement between the insured and the agent that the agent would keep the property insured, and this agreement may be either express, or implied from the circumstances under which the policy was issued, or from continued course of conduct of the parties as, for instance, where the agent renews on expirations, and accepts notice of cancellations and issues other policies in their stead, which is either known or acquiesced in by the insured."

■ There was no express agreement between the plaintiff and the Finance Company that it might accept cancellation, as there was nothing to indicate that such a contingency might arise, and the ultimate question is whether the relationship of the parties, appearing from the undisputed facts, was such that the conclusion is compelled, as a matter of law, that the Finance Company had implied authority to accept the notice of cancellation and waive the five day period. In Arkansas the law is that authority to procure insurance and to keep the property insured carries with it, as a matter of law, authority to effectuate cancellation and substitute other insurance. Insurance Underwriters' Agency v. Pride, supra; Firemen's Insurance Co. v. Simmons, supra; and see, Spann v. Commercial Standard Ins. Co. of Dallas, Tex., 8 Cir., 82 F.2d 593, 597. And, as appears from the Firemen's Insurance Co. case, supra, such authority may be express or may be implied from the circumstances. In either event, the effect is the same, that is, the agent may effectuate cancellation.

Pertinent to this inquiry are the following statements from the Spann case, supra, 82 F.2d at page 597:

"If the appellee is to succeed in establishing an implied authority to cancel he must show that the act was reasonably necessary to accomplish the object of the agency. An agent has no implied authority 'to do acts not incidental to the transaction, nor usually done in connection therewith nor reasonably necessary.'

* * * * * *

"We are of opinion that the ultimate inquiry is not whether Evans was a general or special agent, but rather was the cancellation incidental to the authority to procure the insurance?"

In this case, the Finance Company required plaintiff to insure the property; plaintiff instructed it to obtain insurance for a two year period, and left with it the requisite sum to purchase insurance for that period; selection of the company was left entirely to the discretion of the Finance Company; it placed the insurance with Dubuque; upon the withdrawal of Dubuque from the State, the insurance was placed with the defendant, Southern Farmers Mutual Insurance Company for the remainder of the two year period; and the coverage in the Southern Farmers' policies was identical with that of the Dubuque policies.

■ From these undisputed facts, the court is of the opinion that cancellation of the Dubuque policies and substitution of the Southern policies was not only incidental to the authority to procure the insurance but was necessary thereto. Note the similarity of these facts with those of the Firemen's Insurance Co. case, supra, 180 Ark. at page 504, 22 S.W.2d at page 47:

"He applied for insurance and left it to the agent to place it with any company he represented. He paid his premium for a year's insurance, showing conclusively that he wanted insurance continuously for a year. He was willing to accept any company the agent represented, and we think it fair to assume that, if the company canceled its policy, he would expect the agent to write it in another."

It is observed that in the Firemen's Insurance Co. case, supra, the court pointed out that Simmons acquiesced in the agent's action, but this does not appear to be a fair ground for distinguishing the case, for acquiescence was but an additional ground for the result reached, and does not in any manner detract from the force of the court's conclusion on implied authority from the circumstances. Nothing is to be gained by drawing tenuous distinctions in the facts of various cases, but the purpose of the court is to ascertain what the law is in Arkansas, as announced by the Supreme Court of this State. Certainly, each case rests on its own facts, and varying results will be reached in the application of the law to the facts. For example, in the case of Dent v. Froug's, Inc., 189 Ark. 461, 74 S.W. 2d 237, such authority could not be implied, because the facts of that case simply did not warrant that conclusion.

The court realizes that captious, immaterial and imaginary issues of fact may be found in any case, but if the motion for summary judgment is to serve any useful purpose, the court must unhesitatingly grant it when a careful consideration of the facts reveals no real genuine issue of fact involved. Therefore, the court believes that this is a proper case for summary judgment, basing this conclusion upon the undisputed facts and the law of Arkansas, which, incidentally, appears to be more liberal on the question of implied authority to effectuate cancellation than other jurisdictions.

In view of this disposition of the claim against the defendant, Dubuque, the court feels that the exercise of a sound discretion requires that the remainder of the case be remanded to the State court, in accordance with the provisions of Title 28 U. S.C.A. § 1441(c). The remaining parties are all citizens and residents of Arkansas, and the claims involved do not fall within the original jurisdiction of this court. This conclusion is consistent with the theory of limited jurisdiction of the federal courts and neither does it conflict with the desirable features of permissible joinder and the consequent saving of time and expense by having only one trial instead of more.

Therefore, judgment in accordance with the above, granting the motion of defendant, Dubuque Fire & Marine Insurance Company, for summary judgment and dismissing the complaint of plaintiff as to that defendant, and an order remanding the remainder of the case to the State Court from whence it was removed, should be entered.