The Lumbermen's Mutual Ins. Co. of Mansfield, Ohio
*v.* Wheeler.

5-788 .                                284 S. W. 2d 620

Opinion delivered December 5, 1955.

*Wood & Smith,* for appellant.

*Lookadoo, Gooch & Lookadoo,* for appellee.

PAUL WARD, Associate Justice. On March 21, 1953, appellee, Arthur Wheeler, purchased a 1940 Chevrolet automobile from W. T. Matlock [also an appellee] for the purchase price of $225 on credit, with Matlock retaining title to the automobile. Also on said date the appellant insurance company issued its policy to Wheeler covering the actual value of the car with $50 deductible. This policy contained the following clause: "Loss Payee: Any loss hereunder is payable as interest may appear to the insured and W. T. Matlock. . . ."

On April 19, 1953, while the above mentioned policy was in force and when Wheeler was still indebted to Matlock in the full amount, the automobile was damaged to the extent of $200, fixing the liability of appellant [after deducting $50] at $150. Upon notice to appellant its adjuster went to see Matlock, and Matlock in turn sent the adjuster to Wheeler. Pursuant to an agreement between Wheeler and the adjuster [the exact terms of which are in question] Wheeler agreed that he could take $75 and repair the automobile himself. Thereupon the adjuster filled out a "Proof of Loss" which Wheeler signed. After describing the car and the insurance provisions in general terms this instrument stated that the actual cash value of the car was $225; that the actual loss and damage was $125, and; the amount due Wheeler was $75. On June 4, 1953, appellant, through its general agent, issued its check for $75, made out to Arthur Wheeler and W. T. Matlock, and mailed the same to Matlock. Matlock refused to accept the check, and he and Wheeler instituted this action against appellant on the policy to collect $150.

The complaint alleges that the automobile had a cash value of $225 and that its salvage value was only $25 and the prayer was for judgment in the amount of $150.

Appellant's answer stated "that Arthur Wheeler, the named assured, agreed to accept the damaged automobile and the sum of $75 as full settlement . . ."; that an accord and satisfaction had been reached, and "that the rights of W. T. Matlock, under the open loss payable clause in the policy, are derivative and subordinate to the rights of the named assured."

After hearing all the testimony on both sides, the trial judge, sitting as a jury, found in favor of appellees. In a "Memorandum Opinion" the trial judge gave as the reason for his decision that there never was any actual meeting of the minds of Wheeler and the adjuster. He also found that Wheeler never received the check because it was made jointly to him and Matlock and mailed to Matlock, and that the check was never cashed and was eventually returned. The trial judge further found that the undisputed evidence showed that the car was worth $225 before the wreck and that it was worth only $25 after the wreck, and that appellant was therefore indebted to appellees in the sum of $150.

We are convinced that the judgment of the trial court must be affirmed. We are not called upon to decide whether there was substantial evidence to support the trial judge in the finding of fact which he made because the ground upon which we rest our decision makes it unnecessary to do so.

Under the authority of *Insurance Underwriters' Agency* v. *Pride,* 173 Ark. 1016, 294 S. W. 19, Wheeler in this instance had no right to make a settlement with appellant insurance company without the consent and approval of Matlock. In the cited case, at page 1021 of the Arkansas Reports, this court said: "We think a mortgagee or lienholder acquires a vested and enforceable right under an ordinary loss-payable clause as his interest may appear in an insurance policy which cannot be destroyed by a settlement or adjustment between the insurer and the insured." This case was cited with approval in *Cash* v. *The Home Insurance Company of New York,* 197 Ark. 670, 125 S. W. 2d 99. In Vol. 5 of Apple-

man's Insurance Law and Practice, Section 3406, at page 578, it is stated:

"The most confusing question has probably arisen where a settlement has been worked out between the insured and the company, by which they attempt to bind the mortgagee, and in which settlement he has had no opportunity to participate. The general rule has been, under both open loss payable clauses and under the standard and union clauses that this cannot be done; those courts considering that the mortgagee's rights cannot be concluded by the acts of those parties."

An annotation in 38 A. L. R., at page 383, contains this statement:

"The weight of authority is to the effect that a mortgagee entitled to the proceeds of an insurance policy by virtue of a simple loss-payable clause in the policy is not affected or bound by an adjustment of the loss, whether by arbitration or agreement, by the insured and the insurer, without his knowledge or consent."

In Vol. 46 C. J. S., at page 28, among other things, it is stated that "under a standard mortgage clause the rights of the mortgagee are not affected by any act done by the insured." In *Detroit Fire & Marine Ins. Co.* v. *Helms,* 184 Ark. 308, 42 S. W. 2d 394, the court in discussing a similar question, stated, at page 311 of the Arkansas Reports: "But the court correctly held that the association could recover to the extent of its mortgage, as it is well settled that a mortgagee, under a standard mortgage clause, is not affected by the acts or omissions of the insured that would avoid the policy as to him."

We note of course that the rule announced above presupposes that the mortgagee or lien holder does not authorize the settlement made by the insured. In this case the adjuster testified that Matlock told him "to go on and work it out with the named insured—to make the adjustment on the claim with Mr. Wheeler—that anything we worked out would be satisfactory to him." Mat-

lock emphatically denied that he made any such statement. So we are faced with the situation that this testimony raised a fact issue which the trial judge did not pass upon. We think however that this is immaterial for the reason that there was no consideration for Matlock making the statement attributed to him, if he in fact did make it. It is undenied that when the check for $75 was mailed to Matlock he refused to accept it and returned it to appellant's attorney. Under these circumstances Matlock had a right to refuse the settlement attempted by Wheeler. Matlock, as shown heretofore, had a vested right in the entire amount due under the policy. It cannot be said that appellant relied on Matlock's alleged agreement to bind itself to pay $75, because appellant had not bound itself to pay anything. No one on behalf of appellant signed the "Proof of Loss" which contained the alleged agreement with Wheeler. In fact the instrument expressly stated it "is not a waiver of any rights of the said insurer." To hold otherwise than we do would be to hold that Matlock was bound by an agreement which did not bind appellant.

It should be pointed out that we do not indicate what our holding would be if the "Proof of Loss" had not contained the non-waiver clause quoted above.

Affirmed.