OLD COLONY LIFE INSURANCE COMPANY *v.* FETZER.

Opinion delivered February 27, 1928.

1. INSURANCE—MISREPRESENTATION IN APPLICATION.—Misrepresentations, willfully and knowingly made with intent to deceive, in an application for life insurance will avoid the policy.

2. INSURANCE—FINDING AS TO MISREPRESENTATIONS.—In a suit to cancel a life insurance policy on the ground of misrepresentations made in the application, a finding that insured did not willfully and knowingly misrepresent that she had not been treated for chronic stomach trouble or cancerous condition of the stomach within 10 years next before applying for the policy, *held* not contrary to the preponderance of the evidence.

3. INSURANCE—CONDITION OF INSURED.—In a suit to cancel a life insurance policy, on the ground of misrepresentations as to insured's health, evidence *held* to show that insured was in good health when the policy was delivered to her.

4. INSURANCE—ALLOWANCE OF ATTORNEY'S FEE.—In a suit to cancel a life insurance policy for $1,000, in which defendant filed a cross-complaint praying for recovery on the policy and a reasonable attorney's fee, an allowance of $200 as attorney's fee was not excessive where defendant recovered judgment in the lower court and on appeal and her attorney filed a brief on appeal.

Appeal from Jackson Chancery Court; *A. S. Irby,* Chancellor; affirmed.

*Boyce & Stayton,* for appellant.

*Gustave Jones,* for appellee.

HUMPHREYS, J. On March 18, 1926, appellant instituted suit against appellee in the chancery court of Jackson County to cancel a life insurance policy for $1,000 issued by it on the 24th day of May, 1924, to Lora Fetzer, insuring her life in favor of her husband, the appellee herein, in consideration of an annual premium of $24.46, upon the ground that the policy was induced and procured through misrepresentations as to the condition of her health, willfully or knowingly made, with intent to deceive.

One of the alleged false, fraudulent and untrue statements was her answer to the effect that she had never been afflicted with any disease contained in the list of sixty-odd ailments set out in her application for insurance, embracing, among other ailments, disease of can-

cer and stomach trouble, whereas she had been afflicted with chronic stomach trouble and cancer of the stomach prior to the date of her application for insurance.

The other alleged false, fraudulent and untrue statement was to the effect that she had been afflicted with acute indigestion in 1922, and was attended by Dr. Ivy of Tuckerman, in answer to the following question asked by appellant's medical examiner when she applied for insurance, to-wit:

"Name all ailments, physical injuries and surgical operations said person has had in the last ten years, giving the names of all persons who attended said person in connection therewith, together with date and address." Whereas she had been treated for chronic stomach trouble in the years 1921, 1922 and 1923, by another physician.

Lora Fetzer died on the fourth day of February, 1926, after having paid two annual premiums on the policy, which amount appellant tendered to appellee, with an offer to rescind the contract, which was declined and refused by him. The policy provided that it would be incontestable after two years from its date, except for nonpayment of premiums. This suit was brought after appellee refused to accept the tender and before the expiration of the two-year limitation.

Appellee filed an answer and cross-complaint, in which he denied the material allegations of the complaint, and prayed for a recovery on the policy for $1,000, with interest from April 4, 1926, with a 12 per cent. penalty, and a reasonable attorney's fee.

The cause was submitted to the court on the pleadings and testimony introduced by the respective parties, and which resulted in a decree dismissing appellant's complaint for the want of equity, and in a recovery by appellee against appellant for $1,000, the amount of the policy sued on, with interest at 6 per cent. per annum from April 4, 1926, and $120 as penalty and $200 as attorney's fee, from which is this appeal.

In part II of the application for insurance, made a part of the policy, sixty or more ailments are listed, with the following question adjoined: "Of all the ailments mentioned, said person has had only the following: (if none, so state) "None." The list contained diseases of stomach and cancer.

The following question and answer also appears in part II:

"Q.  Name all ailments, physical injuries and surgical operations said person has had in the last ten years, giving the names of all persons who attended said person in connection therewith, together with date and address? A. Acute indigestion, 1922, Dr. Ivy, Tuckerman."

In addition to the list of ailments embraced in the first question set out above, which was question 20, there were thirty-eight other questions relating, in one way or the other, to the health and history of the applicant, which the medical examiner, Dr. R. O. Norris, was instructed to propound to the insured. In addition to these questions the examiner was directed to make an extensive examination of the applicant, especially covering pulse rate, blood pressure, heart action, and specific gravity of the urine. Dr. Norris was a witness in the case, and testified that he made a physical examination of the applicant at her home. When he called at her home to make the examination he found the applicant, her husband and daughter, picking strawberries. His examination revealed that she was a strong, healthy-looking woman, normal in every respect. He testified that the examination was made in the house, and that no one was present except the applicant and himself, and that he propounded all of the questions contained in the application to her, and recorded her answers correctly. Dr. Norris testified further that he treated the insured in her last illness, and that she died from cancer of the stomach; that it could be possible, but not probable, that she had incipient cancer of the stomach when he examined her for insurance; that it is a disease of slow duration; that she would

not and could not have known of the existence of an incipient cancer, because it would have required an X-ray or gastric examination to have discovered it at the time she applied for insurance, and he made neither.

Agnes Batten, a daughter of appellee and the insured, testified that, when Dr. Norris came to their home to make the medical examination of her mother for insurance, her father, mother and herself were picking strawberries close to the house, and that she remained in the room with Dr. Norris and her mother during the entire time the examination was being made.

Appellee testified that the examination of Dr. Norris was short, and that he remained in the room with them the entire time; that Dr. Norris had some blanks containing questions; that he wrote the answers to some of the questions without reading them to his wife; that he asked her only a few questions; that he did not ask her to give him the names of all the doctors who had treated her in the last ten years; that he spoke of having called to see her himself on one occasion, and asked who was treating her at that time, and she said Dr. Ivy.

Dr. L. S. Slayton testified that he treated the applicant about thirty-seven times in 1921, 1922 and 1923; that about thirty of the treatments were for chronic stomach trouble. In answer to a hypothetical question based upon the result of the physical examination made by Dr. Norris when he examined her for insurance, Dr. Slayton testified that her condition indicated that she had recovered from the stomach trouble for which he had treated her in those years.

The sole question arising out of the pleadings and testimony on this appeal is whether the insured willfully and knowingly misrepresented that she had been treated for chronic stomach trouble or a cancerous condition of the stomach within ten years next before applying for the policy, in order to procure same. This court is committed to the doctrine that misrepresentations willfully and knowingly made, with intent to deceive, in an application for life insurance, will void the policy. *Metro-*

*politan Life Ins. Co.* v. *Johnson,* 105 Ark. 101, 150 S. W. 393; *Bankers' Reserve Life Co.* v. *Crowley,* 171 Ark. 135, 284 S. W. 4.

It cannot be said that the finding of the chancery court, to the effect that the alleged misrepresentations were not made, are contrary to a clear preponderance of the evidence. There is a direct conflict between the testimony of Dr. Norris and appellee as to whether the questions which were asked the insured elicited the answers claimed to be untrue. Dr. Norris testified that he asked every question and recorded the answers correctly. To have done so, and to have made the physical examination he said he made, would have required a long time. Dr. Norris said that no one was present when he made the examination, except the insured; appellee testified that he was present all the time; that the examination was short, and that the questions referred to were never propounded to the insured. Appellee's daughter corroborated the statement of her father to the effect that he was present during the examination.

Appellant contends that appellee was not entitled to recover on the policy without showing by the weight of the testimony that the insured was in good health when the policy was delivered to her. Its contention is based upon the following provision in the policy:

"3. That there shall be no contract of insurance unless the premium is paid and the policy delivered to and accepted by the applicant during the lifetime and good health of the person proposed for insurance, and that then the policy shall relate back to and take effect as of such date as may be fixed by the company in the policy."

Dr. Norris testified that the insured was thirty-seven years of age when he examined her; that her pulse beat was 78, her blood pressure systolic was 118 and her diastolic 84; that the heart action was correct; that the condition of the mouth, gums, teeth and tonsils was good; that he could find no evidence of disease of the liver, gall bladder, stomach or pancreas. The result of

Dr. Norris' examination was incorporated in detail in a hypothetical question propounded to Dr. Slayton relative to her state of health, and his reply thereto was that the result indicated that she had recovered from her chronic stomach trouble for which he had treated her in 1921, 1922 and 1923.

The ability of the insured to do hard labor like picking strawberries in the heat of the day indicated that she was in good health when the policy was delivered to her.

Appellant also assails the amount allowed the attorney on the ground that it was excessive. We do not think a $200 fee is incommensurate with the services rendered, considering extensive litigation, together with the amount involved. The case has been brought to this court on appeal for trial *de novo,* and the attorney for appellee has filed a brief in the case.

No error appearing, the decree is affirmed.