MID-CONTINENT LIFE INSURANCE COMPANY *v.* PARKER.

Opinion delivered March 3, 1930.

Rittenhouse, Lee, Webster & Rittenhouse, J. M. Shinn and W. B. Foster, for appellant.

V. D. Willis and Shouse & Rowland, for appellee.

McHaney, J. Appellee sued appellant, as beneficiary in a life insurance policy issued by appellant to George N. Parker for $2,000. The application was dated February 9, 1929; the policy was issued dated March 1, 1929; and the insured died April 29, 1929.

Appellant defended on the grounds, (1) that the insured falsely and fraudulently misrepresented the condition of his health by stating he was in good health, that no physician had ever expressed an unfavorable opinion as to his insurability, and that he had not suffered any illness or consulted any physician during the past seven years; (2) that the premium had not been paid, in violation of the policy; and (3) that he was in bad health when the policy was delivered in violation of another provision of the policy.

There was a trial to a jury, which resulted in a verdict and judgment for appellee. For a reversal it is urged that the insured gave his note for a portion of the premium to the agent who took the application, and that this note had not been paid prior to the death of the insured, in violation of a provision of the policy that the premium must be paid prior to the death of the insured. Appellant does not contend that it was not paid its share of the premium, but only that the note given the agent was not paid. If it were important (and we do not think so), the undisputed proof shows the amount of the note was paid to the agent before the insured's death.

It is next urged that the court erred in permitting appellee to prove what occurred at the time appellant's

agent took the application for the policy. She and her daughter, who were both present, were permitted to testify over appellant's objections and exceptions that, when Waterfield, the agent, came to write the application, the insured told him that he had been sick with the flu, that his heart was weak, and that he was taking medicine; showed him the medicine he was taking, and the agent said: "This is digitalis; my wife takes that; that don't amount to nothing." According to appellee and her daughter, the agent asked the questions, and the insured gave him correct answers, held back nothing about any illness or consultation with physicians, but that the agent wrote answers in the application to suit himself, stated his illness didn't amount to anything, that what the company complained of was such diseases as tuberculosis, typhoid fever, etc.

It is contended that this and other similar evidence is incompetent, as also the statement of appellee to the agent when the policy was delivered that the insured was all right or improving. We cannot agree with appellant. The undisputed proof is that correct answers regarding the condition of his health and the physicians he had consulted were given the agent; that he filled out the blanks and told the insured to sign without reading it over to him or allowing him to read the statements made therein. Under such conditions the knowledge of agent was the knowledge of the company, and, if it chose to write a policy having all such information, it cannot after death prevent the facts from being proved by showing an application to the contrary. *Am. National Ins. Co.* v. *Hale,* 172 Ark. 958, 291 S. W. 82.

The policy provided that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statements shall void this policy unless it is contained in such application." In *Old Colony Life Ins. Co.* v. *Julian,* 175 Ark. 359, 299 S. W. 366, we said: "The burden is upon appellant to establish the fraud by proving affirma-

tively the falsity, materiality and bad faith in the representations made by the insured in the application regarding his health." Here the proof is that the agent wrote the answers, not as they were given him, but as he thought best after obtaining full information of the real facts, and that the insured signed the application without knowledge that correct answers had not been given. We think appellant wholly failed to establish fraud in making the application. See also *Bankers' Reserve Life Co. v. Crowley*, 171 Ark. 135, 284 S. W. 4, and cases there cited.

As to the delivery of the policy at a time when insured is in good health, we think there is no showing that he was in any worse condition than at the time of the taking of the application, in fact, the proof is that he was better. Appellant has not seen proper to abstract all the evidence, but only such parts as it deemed favorable. Appellee has supplied this omission by an abstract of the testimony regarding the insured's health at, before, and after delivery of the policy, which we think at least made a question for the jury as to whether the policy was delivered at a time when his health was good.

We find no error, and the judgment must be affirmed.