SUPREME FOREST WOODMEN CIRCLE *v.* SNEED.

4-3646

Opinion delivered January 7, 1935.

M. E. Vinson, for appellant.
Garner Fraser, for appellee.

HUMPHREYS, J. This suit was brought by appellee against appellant in the circuit court of Van Buren County upon two benefit certificates for $500 each, one of which was issued to her on June 16, 1931, and the other issued to her on the 29th day of August, 1931, each of

which provided for payment of $250 to her in case she should become totally and permanently disabled by bodily injury or disease that would prevent her from performing any work or engaging in any occupation or employment in case such disability occurred after twelve months of membership in appellant's fraternal organization without suspension and while the certificates were in full force and effect.

The complaint alleged total and permanent disability to appellee caused by disease in June, 1933, more than twelve months after the certificates were issued to her and while same were in full force and effect, and while she was not in default of payment of any monthly payment or contribution.

Appellant filed an answer denying appellee had become totally and permanently disabled on account of disease, and alleged as an affirmative defense that it issued the certificates upon her representation and warranty that her answers to questions in her applications for the certificates were true; whereas they were false, and that, if she had answered the questions truthfully, the certificates would not have been issued to her.

The cause was submitted to the court sitting as a jury by consent of the parties upon the pleadings and testimony adduced, resulting in a judgment in favor of appellee for $500, from which is this appeal.

We deem it unnecessary to set out the testimony of the several witnesses relative to the condition of appellee at the time she presented her claim to appellant on account of total and permanent disability from disease. Suffice it to say that all of the testimony tends to show that appellee is suffering from a disability caused by disease which is incurable and which will prevent her from ever working.

It is also unnecessary to set out the testimony relative to her state of health at the time she applied for the insurance and when the certificates were delivered to her. Suffice it to say in this particular that she was enjoying good health at that time and able to work in a hotel and feed and milk cows and deliver milk around town.

The testimony responsive to the alleged issue of fraud as reflected in the record is conflicting, and is in substance as follows:

C. V. Douglas, who was appellant's agent to solicit insurance, testified that he propounded, among others, the following questions to appellee when he took her applications:

"Have you ever had or been treated for cancer or tumor?

"Have you ever had any surgical operation?

"Have you ever been under any restriction of diet or any medical or other treatment or observation of any kind within one year, for any purpose?

"Have you ever received or applied for any treatment at any hospital, dispensary, sanatorium or other institution?

"Have you within the past five years had medical advice for any disease or disorder or injury?

"Have you within the past five years suffered any mental or bodily disease or infirmity?

"Have you within the past five years consulted or been attended by a physician for any disease or injury or undergone any surgical operation?

"Have you ever been under observation, care or treatment of any hospital, sanatorium, asylum, or similar institution?

"Have you ever been treated for any disease of the generative organs?"

That she answered said questions in the negative, and that he filled out the written applications for the certificates, which contained these questions, in keeping with her answers, and that she signed the applications as written by him.

Appellee and her mother, who was present when the first application was made, testified that all the questions were answered in the affirmative; and appellee testified that she answered the same questions contained in the second application in the affirmative also. Both testified that when C. V. Douglas heard her affirmative answers explaining her illnesses and operations in the past, he said that would make no difference as she

had recovered and was able to work, and that was all the company required; that appellee stated to C. V. Douglas who the physicians were who attended and operated upon her prior to the applications; that appellee signed the applications on the last page without reading them under the belief that C. V. Douglas had written affirmative answers to each of the questions propounded to her relative to her illnesses and operations in the past.

Out of this conflicting testimony, the court, sitting as a jury, found that "appellee answered fully and truthfully all the questions asked her by appellant's agent and solicitor, C. V. Douglas, when he took her application in June, 1931, for the original benefit certificate and also when he took her application in August, 1931, for the additional benefit certificate; that appellant's agent, C. V. Douglas, filled in the applications after the appellee had made full, complete, and truthful statements to him of her condition and history; that appellee signed the applications without reading them and without knowing that correct answers had not been written; that appellee truthfully answered all questions asked her on her medical examination, and that she was not guilty of any fraud, or false representations, or fraudulent concealment in the procurement of either of said benefit certificates; and that appellant has wholly failed to establish fraud on the part of the insured."

This finding is based upon substantial evidence and cannot be disturbed by this court on appeal.

Under the well-established rule in this State, knowledge of the agent of the insurer obtained while performing the duties of his agency in receiving applications and delivering policies as to the state of the insured's health is imputed to the insurer, and, if such knowledge would vitiate the contract in its inception according to the terms thereof, such knowledge constitutes a waiver of the provisions of the contract inconsistent with the known facts. *American National Insurance Co.* v. *Hale,* 172 Ark. 958, 291 S. W. 82. The facts found by the court in the instant case, based upon substantial testimony, bring it within this rule and the rule announced in the cases of *Old Colony Life Insurance Company* v. *Julian,*

175 Ark. 359, 299 S. W. 366; *Old Colony Life Insurance Company* v. *Fetzer*, 176 Ark. 361, 3 S. W. (2d) 46; *Mid Continent Life Insurance Company* v. *Parker*, 181 Ark. 213, 25 S. W. (2d) 10.

No error appearing, the judgment is affirmed.