BOON *v.* ARKANSAS FARMERS MUTUAL FIRE INSURANCE COMPANY.

5-593                                             275 S. W. 2d 436

Opinion delivered February 14, 1955.

*Wright, Harrison, Lindsey & Upton,* for appellant.

*Gordon & Gordon,* for appellee.

ROBINSON, J. The issue here is the question of contribution between two fire insurance companies, a house

having burned on which each company had issued a policy. The appellee herein, Arkansas Farmers Mutual Fire Insurance Company, will hereinafter be referred to as Farmers Mutual; and the American Insurance Company will be referred to as American.

On January 30, 1948, appellant herein, Dr. J. F. Boon, through an agent, I. T. Hill, sold a farm to George Steranka for the price of $5250. $1000 was paid in cash and there were three additional payments of $50 each, the last payment being made on or about April 20, 1948. There was a dwelling house on the property worth $3500 or $4000. Dr. Boon carried fire insurance in the sum of $2000 on this house with American. In addition to being a real estate agent who handled the sale of the property to Steranka, I. T. Hill also was agent for appellee Farmers Mutual. As such agent on February 1, 1948, he sold to Steranka a $1500 fire insurance policy covering the dwelling on the farm. Steranka did not know of the insurance carried by Dr. Boon, nor did Dr. Boon know of the insurance that Steranka had taken out on the property.

About May 1, 1948, Steranka reached the conclusion that he could not go through with the purchase of the property, and he agreed with Hill that the contract to purchase be cancelled. This was done, Dr. Boon retaining the money paid by Steranka as liquidated damages. On June 19, 1948, the insured house was destroyed by fire. American paid to Dr. Boon under a subrogation agreement the amount of its policy, $2000. Subsequently Farmers Mutual refunded to Steranka the premium he had paid.

This suit was filed in the name of Dr. Boon for the use and benefit of American. The $2000 policy issued by American and the $1500 policy issued by Farmers Mutual made a total of $3500 fire insurance on the property. The percentage of the insurance carried by Farmers Mutual, $1500 of a total of $3500, is three-sevenths; and appellant contends for three-sevenths of $2000, which is $857.14. Appellant also seeks to recover 12% penalty

and a reasonable attorney's fee as provided by Ark. Stat. § 66-514. The cause was tried before the court sitting as a jury, and there was a judgment for the defendant, appellee here, Farmers Mutual.

The policy issued to Steranka by Farmers Mutual has a sixty-day vacancy clause, and Farmers Mutual contends among other things that the house had been vacant for more than the sixty-day period and therefore the insurance was not in force. It appears that Steranka left the farm in the early part of May. Members of Paul Thompson's family lived in the house until May 14, and it seems that after Thompson's family moved out, a Mr. Green moved into the house or was in the process of moving at the time the fire occurred. In fact, some of his effects were lost in the fire. The evidence is convincing that there was no sixty-day vacancy, and further that the house occupied by Thompson and Green was the house which was insured.

Appellee Farmers Mutual contends, in addition to the matter of vacancy, that Steranka had no insurable interest at the time of the loss and hence that the standard mortgage clause in the policy does not apply, and that Dr. Boon was the sole owner and no longer a mortgagee.

The following appears in Steranka's application for insurance with Farmers' Mutual: "Is the farm encumbered? *Yes*. If so, for what amount? $4,250.00. Is mortgage clause required? *Yes*. If property is mortgaged, loss if any will be payable to *Dr. J. F. Boon* Mortgagee, and *George Steranka* as his/their interest may appear." The policy provides: "If loss hereunder is made payable in whole or in part to a designated mortgagee not named herein as the insured, such interest in this policy may be cancelled by giving to such mortgagee a 10-days written notice of cancellation." The policy further provides: "Loss, if any on building items under this policy, shall be payable to the mortgagee (or trustee) as interest may appear, and this insurance, as to the interest of the mortgagee (or trustee) only therein, shall not be invalidated by any act or neglect of the

mortgagor or owner of the within described property, nor by any foreclosure or other proceedings or notice of sale relating to the property, nor by any change in the title or ownership of the property, nor by the occupation of the premises for purposes more hazardous than are permitted by this policy; provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee (or trustee) shall, on demand, pay the same.'' Under the mortgage clause the loss is payable to Dr. Boon as his interest may appear.

Dr. Boon was recognized and accepted as the mortgagee. Under the terms of the policy the insurance company was obligated to give him 10 days notice of cancellation; this was not done. The policy provides as above stated that it shall not be invalidated by reason of a foreclosure or other proceeding, or notice of sale of the property, nor by any change in the title or ownership of the property. The policy could hardly be any more explicit. Appellee contends that there was a change of ownership; that Steranka had abandoned any rights he had in the property and Dr. Boon had become sole owner. Even so the policy provides that change of ownership shall not invalidate it insofar as Boon, who was recognized as the mortgagee, was concerned.

In *National Union Fire Insurance Co.* v. *Henry*, 181 Ark. 637, 27 S. W. 2d 786, it is said: ''The policy also provides that the insurance as to the interest of the mortgagee only therein shall not be invalidated by any act or negligence of the mortgagor or the owner of the within described property, nor by any foreclosure or other proceedings, or notice of sale relating to the property, nor by any change in the title or ownership in the property, etc. It will therefore be seen that the policy itself provides for a recovery or authorizes a recovery by the mortgagee, notwithstanding the mortgagor had sold the property. The fact that the mortgagor by selling the property or conveying it will make the policy void as to the mortgagor does not make the policy void as to the mortgagee, especially where the contract expressly provides that it shall not do so.''

In *Cobb* v. *Franklin Fire Insurance Co. of Philadelphia,* 187 Ark. 26, 58 S.W. 2d 204, the court said: "Under the terms of the policy the mortgagee was entitled to ten days' notice of cancellation, so that he might pay the premium himself and continue the policy or obtain insurance elsewhere."

Likewise in the case at bar, under the terms of the policy Dr. Boon, the person named as mortgagee in the policy, was entitled to ten days' notice of cancellation so that he could make his arrangements accordingly. It happened that he had other insurance in this instance; but in many instances the mortgagee does not have other insurance. Dr. Boon, named as mortgagee here, was given no notice; hence the policy was in full force as to him at the time of the fire.

Accordingly the judgment is reversed; and since it appears the case has been fully developed, the circuit court is directed to enter judgment for appellant in the sum of $857.14 and a reasonable attorney's fee and 12% penalty.

Reversed.