John B. DALRYMPLE, Jr. and Barbara DALRYMPLE
*v.* ROYAL-GLOBE INSURANCE COMPANY

83-129                                          659 S.W.2d 938

Supreme Court of Arkansas
Opinion delivered November 7, 1983
[Rehearing denied December 5, 1983.*]

*ADKISSON, C.J., and PURTLE, J., would grant rehearing.

*Jones & Petty,* for appellants.

*Barber, McCaskill, Amsler, Jones & Hale,* for appellee.

DARRELL HICKMAN, Justice. We are asked to decide if a mortgagee, that is named as a loss payee in a hazard insurance policy, is, as a matter of law, an "insured" and, consequently, immune from suit by the insurance company for negligence in causing damage to the property. The trial court found that the loss payee was not and, therefore, granted the appellee, Royal-Globe Insurance Company, summary judgment. We agree with that decision and affirm the trial court.

The facts are complicated. John Dalrymple, the plaintiff in this suit, designed and built some apartments in Pine Bluff, Arkansas, which he sold to Gary Ross on March 1, 1978. The contract of sale required that Ross obtain insurance on the property for "loss by fire and other hazards and contingencies." Royal-Globe wrote the policy and John B. Dalrymple was listed as the loss payee. A fire occurred on March 13, 1978, in one of the apartments rented by Rodney and Earlean Fields. Apparently the cause was defective wiring near the water heater. Royal-Globe paid Dalrymple and Ross for their loss, and that payment is in no way disputed. Royal-Globe sought reimbursement for the loss from Dalrymple in August, 1978, but he refused to pay Royal-Globe.

The Fields sued Ross in October of 1979, and Ross, who was actually acting for the insurance company under its right of subrogation, filed a third party complaint in February of 1980, against the Dalrymples. (Ross had a claim for $100, which was the deductible.) Later the Fields amended their complaint to seek punitive damages against Dalrymple. A Jefferson County jury awarded the Fields $6,000 compensatory damages and $7,500 punitive damages, finding 15% attributable to Ross and 85% to Dalrymple. The jury also awarded Ross $10,000 in compensatory damages against Dalrymple, but no punitive damages. *Dalrymple v. Fields,* 276 Ark. 185, 633 S.W.2d 363 (1982). That case is still pending in Jefferson County Circuit Court. In May of 1981,

Dalrymple filed this damage suit against Royal-Globe for failing to defend him in the other lawsuit and for suing him in violation of its contractual duty. Royal-Globe moved for summary judgment and it was granted, the judge finding that as a matter of law Dalrymple did not have any liability insurance under the policy which Ross purchased.

The appellant makes several arguments on appeal but essentially it is argued that Dalrymple was an "insured" and that Royal-Globe cannot sue its own "insured" to recover for a loss. That is undisputedly a correct statement of law. 5A *Appleman on Insurance,* § 4055 (1972). The problem is that Dalrymple was not an "insured" in every sense under the policy. He did not buy the insurance, he was simply a named loss payee, and there is no provision in the policy that provides that a loss payee is given any liability protection. The policy is a standard one. 5A J. Appleman, *supra,* § 3401 (1970), states that when a policy contains a standard mortgage clause it is considered that, "the insurer has entered into a separate contract with mortgagee just as if the latter had applied for insurance entirely independent of the mortgagor." But there is no authority for the proposition that a loss payee is an insured for all purposes. A loss payee is entitled to enforce his right to payment for property loss against the insurer, but there the right ends; it does not grant immunity to a loss payee that causes the loss.

The appellants cite *Federal Ins. Co.* v. *Tamiami Trail Tours, Inc.,* 117 F.2d 794 (5th Cir. 1941), as a case in point. Tamiami bought a bus from White Motor Company and insured it with Federal Insurance Company with a standard loss payee designation to White Motor Company and a financial institution. The bus burned because of a defect in the construction of the bus. The Court held that White Motor Company was an "insured" under the policy and entitled to the benefits of that relationship and in the absence of fraud or gross negligence could not be denied recovery. That was essentially an extension of the public policy that no right of subrogation exists by an insurer against its own insured. Otherwise, most policies of insurance would not be paid. It is our judgment that the reasoning of the Court in *Tamiami* should not be followed.

A loss payee is not an insured in the usual sense of the word but simply a loss payee who is entitled to payment for loss of his property interest; there is no immunity from liability for negligence. A loss payee seeking the benefit of liability protection should pay for it.

It is also argued that summary judgment should not have been granted because it is a disputed fact whether Ross was actually supposed to secure an insurance policy that provided Dalrymple with liability insurance. *United States Fidelity and Guaranty Co.* v. *Aetna Casualty & Surety Co.*, 418 F.2d 953 (8th Cir. 1969), is cited for the proposition that where a buyer and seller mutually agree that the buyer will obtain liability insurance for the property, then the insurer cannot be subrogated against one of those parties. That is not a question in this suit between Dalrymple and Royal-Globe in which Ross is not a party. Essentially there are no substantial disputed facts and the court was correct in entering the summary judgment.

Affirmed.

ADKISSON, C.J., and PURTLE, J., dissent.

JOHN I. PURTLE, Justice, dissenting. I would reverse this case. The Dalrymples were named beneficiaries in the policy written by Royal-Globe. It was the insurance company that instituted this action against the Dalrymples but it did so in the name of its named insured, Gary Ross. This was a subterfuge whereby the insurance company sought to re-cover from the additional insureds (the Dalrymples) under the Ross policy, which had been taken out (at least in part) at the request of Dalrymple.

In Arkansas a mortgagee or lienholder acquires a vested right under the standard loss payee clause of an insurance policy procured by the mortgagor. *Insurance Underwriters' Agency* v. *Pride*, 173 Ark. 1016, 294 S.W. 19 (1927). The mortgagee's interest cannot be destroyed by a settlement between the carrier and the mortgagor. *Insurance Underwriters' Agency* v. *Pride*. To allow the appellee insurance company to recover by subrogation against its own insured

is but to encourage all insurers to look for negligence on the part of their insureds and, if found, refuse to pay a claim otherwise covered by the contract. We have previously held that a loss payee clause in favor of a mortgagee creates an insurer-insured status. Even the appellee in this case admits that an insurer cannot claim subrogation against its own insured (p. 23, appellee's brief). Appellee then proceeds to create an exception to the rule when the mortgagee is also the builder.

Neither the appellee nor the majority opinion cite any case where the Supreme Court of Arkansas has allowed an insurer to collect damages from its additional insured, the mortgagee. In my opinion public policy alone would prevent the insurer from recovering its loss from an insured after it had paid the insured (as Royal-Globe did with Dalrymple). Payment was made to Ross and Dalrymple in accordance with the terms of the policy. Needless to say an insurance company is not going to pay a property loss to an uninsured. So far as I am concerned the case of *Federal Insurance Co. v. Tamiami Trail Tours, Inc.,* 117 F.2d 794 (5th Cir. 1941), clearly states the correct answer in cases where an insurer tried to collect from its insured. We have many times held that a loss payee mortgagee has the right to sue and collect on the policy of insurance issued to the mortgagor. *Insurance Underwriters' Agency v. Pride, supra; Boon v. Arkansas Farmers Mutual Fire Insurance Co.,* 224 Ark. 618, 275 S.W.2d 436 (1955).

I agree with the majority opinion holding that the appellant was not covered for liability insurance under Ross' policy. However, I do believe the insurer should be liable to Dalrymple for the expenses incurred by him as a result of the filing of the subrogation claim. I feel the majority opinion is a grievous error which will prove to be a great hardship on people who have insurance to protect their property.

ADKISSON, C.J., joins in this dissent.