

# SUPREME COURT OF ARKANSAS

**No.** CV–13–333

| | |
|---|---|
| NATIONWIDE MUTUAL FIRE INSURANCE COMPANY<br><br>APPELLANT<br><br>V.<br><br>CITIZENS BANK & TRUST COMPANY<br>APPELLEE | **Opinion Delivered** JANUARY 23, 2014<br><br>APPEAL FROM THE CRAWFORD COUNTY CIRCUIT COURT<br>[NO. 17-CV-2010-756]<br><br>HONORABLE GARY COTTRELL, JUDGE<br><br><u>AFFIRMED</u>. |

**DONALD L. CORBIN, Associate Justice**

Appellant, Nationwide Mutual Fire Insurance Company, appeals the order of the Crawford County Circuit Court granting summary judgment to Appellee, Citizens Bank & Trust Company, on Appellee's complaint for wrongful denial of its claim as a named mortgagee and additional insured on a dwelling fire policy. Appellant contends that the circuit court erred as a matter of law because Appellant's rescission of the fire policy due to the insureds' fraud voided ab initio the policy. The Arkansas Court of Appeals certified this case to us as one involving an issue of first impression that is of significant public interest; jurisdiction is therefore properly in this court pursuant to Arkansas Supreme Court Rule 1-2(b)(1), (b)(4), and (d)(2) (2013). We find no error in the circuit court's order granting summary judgment to Appellee, and we affirm.

This case was decided on cross-motions for summary judgment, and the parties stipulated jointly to the following facts. Danny Ludwick completed an application and

supplemental application for insurance coverage from Appellant on a home located in Van Buren, Arkansas. Appellant relied on the information in the application and supplemental application, and issued a policy insuring the dwelling and its contents for the period May 6, 2009, through May 6, 2010. The policy in question named Appellee as the "First Mortgagee" and contained a standard mortgage clause. The dwelling was destroyed by fire on December 16, 2009, and Appellee had a valid mortgage on the dwelling at the time of the application and at the time of the fire.

The parties jointly stipulated further to the following facts. During Appellant's investigation of the fire, Appellant learned of two previous fire losses sustained by Danny and Tracy Ludwick that were not disclosed on their application and supplemental application for insurance. Appellant's underwriting department determined that, according to Appellant's underwriting guidelines, Appellant would not have issued the policy in question if the two undisclosed fire losses had been disclosed at the time the Ludwicks submitted their application. Based on the material misrepresentations in the application and supplemental application, Appellant voided the policy back to its inception and refunded the premiums paid by the Ludwicks.

The parties jointly stipulated still further to the following. Appellee submitted a timely claim to Appellant. Appellant denied Appellee's claim, not on the basis of a policy exclusion, but on the basis that the policy was void back to its inception.

As noted, the parties filed cross-motions for summary judgment on the foregoing joint stipulation of facts. Appellant contended in its motion that its rescission of the policy voided

the policy ab initio and thereby extinguished not only the Ludwicks' interest but also Appellee's interest as mortgagee. In support of its motion, Appellant offered the affidavit of Rodney Boles, who had conducted an investigation on behalf of Appellant of the Ludwicks' claim regarding their fire loss on December 16, 2009. Boles averred that "[a] data base search was conducted for prior losses associated with the Ludwicks," which revealed that "the Ludwicks made a fire claim with Farm Bureau on December 16, 2009. . . . [and] with Allstate on February 19, 2007." Boles also averred that, pursuant to his requests from the Van Buren Rural Fire District No. 6, he learned that "[t]hree prior fire reports, in addition to the report on the current claim by the Ludwicks . . . indicated fires occurred on February 18, 2007, February 16, 2008, April 21, 2009, and December 16, 2009." Boles opined that, based on his investigation, he determined there had been a total of three prior undisclosed fire losses.

Also in support if its motion, Appellant offered the affidavit of Mason Green, an authorized underwriter for Appellant. Green averred that at the time of application, the Ludwicks had disclosed one prior fire loss to an "outside shop" only that occurred in 2007. Green further averred that Appellant relied on the accuracy of this information when it issued the policy, and that if all the prior fire losses had been disclosed, the policy would not have been issued.

The circuit court entered its order, without explanation, granting Appellee's motion and denying Appellant's motion. This appeal followed.

Summary judgment may only be granted when there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Cannady*

SLIP OPINION

*v. St. Vincent Infirmary Med. Ctr.*, 2012 Ark. 369, ___ S.W.3d ___. Ordinarily, on a summary-judgment appeal, when determining if there are genuine issues of material fact in dispute, we would view the evidence in the light most favorable to the party resisting the motion, and resolve any doubts and inferences against the moving party. *Id.*; *Hobbs v. Jones*, 2012 Ark. 293, 412 S.W.3d 844. However, when, as here, the parties agree on the facts, we simply determine whether the appellee was entitled to summary judgment as a matter of law. *Hobbs*, 2012 Ark. 293, 412 S.W.3d 844; *Barton Land Servs., Inc. v. SEECO, Inc.*, 2013 Ark. 231, ___ S.W.3d ___. As to the issues of law presented, our review is de novo. *Hobbs*, 2012 Ark. 293, 412 S.W.3d 844.

For reversal, Appellant contends that the circuit court erred in granting summary judgment to Appellee because, when Appellant properly rescinded the policy, the policy was void ab initio; therefore, there was no policy in which Appellee had an interest. Stated another way, Appellant contends that, after proper rescission, the policy was void ab initio as if the policy never existed, and Appellee cannot rely on a provision in a policy that no longer exists. Citing *Black's Law Dictionary* 1568 (7th ed. 1999), Appellant relies on the following definition of "void ab initio:" "null from the beginning, as from the first moment when a contract is entered into." If the policy is void and a nullity, contends Appellant, Appellee can have no interest in it.

The law is clear that Appellant had a common-law right to rescind its policy on the basis of the material misrepresentation or omission of prior fire losses. *See Ferrell v. Columbia Mut. Cas. Ins. Co.*, 306 Ark. 533, 537, 816 S.W.2d 593, 595 (1991) (citing *Old Colony Life*

*Ins. Co. v. Fetzer*, 176 Ark. 361, 3 S.W.2d 46 (1928) ("It is undisputed that at common law an insurance company could retroactively rescind coverage because of fraud or material misrepresentation.")). Appellant emphasizes that rescission of a contract and cancellation of a contract are two distinct remedies based on different grounds. Appellant cites the following:

> Rescission of a contract and cancellation of a contract are two distinct remedies, based on different grounds, 17 G.J. Couch, *Couch Cyclopedia of Insurance Law*, §§ 67:33, 67:54 (R.A. Anderson, ed., 2d rev. ed. 1983). Cancellation takes effect only prospectively, while rescission voids the contract ab initio.

*Ferrell*, 306 Ark. at 537, 816 S.W.2d at 595.

Appellee does not dispute Appellant's right to rescind the Ludwicks' policy. Rather, Appellee responds that because Appellant wrongly denied Appellee's claim (not the Ludwicks' claim) for the policy proceeds, the circuit court properly granted summary judgment to Appellee. Appellee's response is premised on the parties' clear and unambiguous stipulation that the mortgage clause in the policy is a standard mortgage clause. Appellee cites Arkansas case law holding that a standard mortgage clause serves as a separate contract between the mortgagee and the insurer, *see, e.g.*, *Farmers Home Mut. Fire Ins. Co. v. Bank of Pocahontas*, 355 Ark. 19, 129 S.W.3d 832 (2003), and argues in response that Appellee's separate contract with Appellant was not defeated by the rescission of Appellant's contract with the Ludwicks. Appellee relies on this court's previous observation:

> Both this court and the court of appeals have held that, generally, *a standard mortgage clause serves as a separate contract between the mortgagee and the insurer, as if the mortgagee had independently applied for insurance.* Dalrymple v. Royal-Globe Ins. Co., 280 Ark. 514, 659 S.W.2d 938 (1983); *Columbia Mut. Ins. Co. v. Home Mut. Fire Ins. Co.*, 74 Ark. App. 166, 47 S.W.3d 909 (2001). Thus, the rights of a named mortgagee in an insurance

5



policy are not affected by any act of the insured, including improper and negligent acts. *Dalrymple, supra.*

*Farmers Home Mut. Fire Ins. Co.*, 355 Ark. at 24, 129 S.W.3d at 835 (emphasis added).

Appellee cites us to an insurance treatise that recognizes the Arkansas rule as the general rule:

> Under the standard or union mortgage clause, an independent or separate contract or undertaking exists between the mortgagee and the insurer, which cannot be defeated by improper or negligent acts of the mortgagor, whether done or permitted prior or subsequently to, or at the time of, the issuance of the policy.
>
> The means of accomplishing this protection is some form of language that the insurance with respect to the mortgagee shall not be invalidated by the mortgagor's acts or neglect. The words "any acts" as used in a standard mortgage clause do not refer merely to acts prohibited by the contract or to a failure to comply with the terms of the contract, but literally embrace any act of the mortgagor.

4 *Couch on Insurance* § 65:48 (3d ed.) (footnotes omitted).

We acknowledge Appellant's argument in reply that rescission voids a policy regardless of whether the policy's mortgage clause is a standard mortgage clause. Appellant's position is that by its very terms, the mortgage clause relates only to denials of claims, cancellation, and nonrenewals. Appellant's position, however, overlooks the effect of our law treating the mortgagee as having an independent contract unaffected by the acts of the insured.

We conclude that, under the foregoing Arkansas law, as stated in *Farmers Home Mutual Fire Insurance Co.*, 355 Ark. at 24, 129 S.W.3d at 835, the standard mortgage clause serves as a separate contract between Appellant and Appellee "as if the [Appellee] had independently applied for insurance." Because Arkansas law views Appellee's contract as independent of the Ludwicks' contract, we conclude that Appellant's rescission of the Ludwicks' policy based on the acts of the Ludwicks does not affect Appellee's independent contract with Appellant.

SLIP OPINION

We note that our conclusion today is consistent with the long-settled law of our neighboring state, Oklahoma. The Oklahoma Supreme Court has held that a "mortgagee's contract was completely independent of the insured's rights and would be valid even though the insurance policy was void ab initio." *Okla. State Union of Farmers' Educ. & Coop. Union of Am. v. Folsom*, 325 P.2d 1053, 1056 (Okla. 1958) (citing *W. Assur. Co. v. Hughes*, 66 P.2d 1056) (Okla. 1936)).

Alternatively, Appellant argues that if Appellee is entitled to rely on the policy, then Appellee is bound by the terms and conditions of the policy, which, according to Appellant have not been satisfied here. Specifically, Appellant points to the policy language on "concealment or fraud." Finally, Appellant argues alternatively and additionally that it did not "deny" the Ludwicks' claim; therefore, the terms and conditions of the policy relating to denial of claims do not apply here.

Appellant's first alternative argument fails for essentially the same reason its primary argument failed, which is that Appellant overlooks the independence of the two contracts. That is, Appellee's right to recover the proceeds as mortgagee is not as an insured person under the Ludwicks' policy, but as a person or mortgagee protected under the separate and independent contract. Appellant's second alternative argument also fails for the same reason. Appellee's contract of insurance with Appellant as mortgagee is independent of the Ludwicks' contract with Appellant and is not affected by any acts of the Ludwicks. Therefore, Appellee's right to the proceeds is not dependent upon satisfaction of the terms of the Ludwicks' policy on denial of the Ludwicks' claim.

In sum, the undisputed facts are that the policy at issue contained a standard mortgage clause, which according to Arkansas law, operates as an independent contract between an insurance company and a named mortgagee. *Farmers Home Mut. Fire Ins. Co.*, 355 Ark. 19, 129 S.W.3d 832. That independent contract with the mortgagee cannot be defeated by any act of the insured. *Id.* Thus, even though an insurance company is entitled to common-law rescission of its insured's policy based on the insured's fraud or misrepresentation, those fraudulent acts and the rescission of the policy have no effect on the independent contract with the mortgagee. Accordingly, and because there is no dispute that Appellee made a timely claim for payment here, we conclude that the summary judgment in favor of Appellee is correct as a matter of law.

Affirmed.

*Watts, Donovan & Tilley*, *P.A.*, by: *Jim Tilley*, for appellant.

*Gant Law Firm*, by: *Paul D. Gant*; and *Amanda B. Hurst*, for appellee.